TANG, Circuit Judge:
This appeal presents the single issue whether Rule 13-307(d) of the Rules of Bankruptcy Procedure is invalid as exceeding the rule-making authority of the United States Supreme Court. We find that Rule 13-307(d) does not effect a change in substantive bankruptcy law and reverse the district court’s judgment that the rule was invalid.
In August 1974, Herman and Josephine Moralez filed a petition for a Wage Earner Plan under Chapter XIII of the Bankruptcy Act, 11 U.S.C. §§ 1001-1086. The plan required monthly payments of $302.30 to the Chapter XIII trustee for disbursement to creditors. At the time they filed their petition, the debtors owed Wells Fargo Bank $5,266.94 under an automobile purchase contract. The contract was secured *78 by the automobile, which the trustee, pursuant to Rule 13-307(d), valued at $3912.50. The trustee informed the bank that the contractual debt would be paid in full only up to the value of the car. The debt that exceeded the value of the collateral would be considered unsecured, and would be paid pro rata along with the claims of all other general creditors. Wells Fargo challenged the trustee’s action on the ground that Rule 13-307(d), which authorized the trustee’s treatment of the partially-secured debt, was invalid because it exceeded the rule-making authority of the Supreme Court. The district court affirmed the bankruptcy court’s order, In re Moralez, 400 F.Supp. 1352 (N.D.Cal.1975), and the trustee appealed.
Rule 13-307(d) provides:
If a secured creditor files a claim, the value of the security interest held by him as collateral for his claim shall be determined by the court. The claim shall be allowed as a secured claim to the extent of the value so determined and as an unsecured claim to the extent it is enforceable for any excess of the claim over such value. For the purposes of this subdivision the court may appoint an appraiser in the manner specified by and subject to the limitations of Bankruptcy Rule 606.
Rule 13-307(d) was promulgated pursuant to 28 U.S.C. § 2075, by which Congress vested in the Supreme Court the authority to promulgate procedural rules for the implementation of the Bankruptcy Act. This Enabling Act specifically provided, however, that “[s]uch rules shall not abridge, enlarge, or modify any substantive right.” 28 U.S.C. § 2075. Wells Fargo contends, and the bankruptcy and district courts agreed, that Rule 13-307(d) is invalid because it substantively altered the rights previously enjoyed by secured creditors. According to Wells Fargo, the law prior to the promulgation of Rule 13-307(d) provided that a partially-secured creditor in a Chapter XIII proceeding must be allowed either to retain his security or be paid in full under the specific terms of his contract. See Hallenbeck v. Pennsylvania Mutual Life Insurance Co., 323 F.2d 566 (4th Cir. 1963). Arguing that Rule 13-307(d) allows the trustee to retain the collateral and to repay the creditor at something less than the contract rate, Wells Fargo contends that Rule 13-307(d) has effected a change in existing substantive law. Alternatively, it contends that even if valid, Rule 13-307(d) violates its right to due process.
I.
Following the pattern it had established in the areas of civil procedure, criminal procedure, and admiralty, Congress delegated the authority to draft bankruptcy rules to the Supreme Court, apparently deferring to the Court’s competence to formulate rules of practice and procedure. The proposed bankruptcy rules were studied by committees of experts, then adopted by the Supreme Court, and became effective only after submission to Congress for review. Consequently, Wells Fargo has a “heavy burden” of showing that ‘Rule 13-307(d) deals with matters of substance rather than procedure. See HFG Co. v. Pioneer Publishing Co., 162 F.2d 536, 539 (7th Cir. 1947); In re Wall, 403 F.Supp. 357, 359 (E.D.Ark. 1975). It cannot be assumed easily that the Supreme Court acted outside the power delegated to it under § 2075, or that Congress allowed rules to become operative which would effect substantive rights.[1] Thus, we must resolve any doubts about the state of prior substantive law in favor of the Supreme Court’s and Congress’ understanding and interpretation of the law as expressed in Rule 13-307(d).
Prior to the adoption of the Bankruptcy Rules, where a debtor filed a Chapter XIII petition, the secured creditor could not resort to self-help if he chose to proceed against the collateral, but instead had to file a reclamation petition with the bankruptcy court. A debtor who wished to pre *79 vent repossession had to file for an injunction.[2]
Under the new Bankruptcy Rules, a different procedure is involved when creditors seek to proceed against their collateral. Rule 13-401 automatically enjoins secured creditors from repossessing collateral until a final decree is entered. However, a secured creditor who wishes to proceed against collateral in which he holds a security interest may apply to the court to have the injunction lifted. Clearly, as lpng as the bankruptcy court lifts the injunction whenever it would have enjoined reclamation under prior law, then the creditor who proceeds against the collateral retains the same rights that he possessed under the old law. The only difference is the shift in the procedural burden on the creditor to initiate steps to have the burden lifted.
Wells Fargo, however, did not attempt to have the automatic stay lifted, and we need not decide whether Rule 13-307(d) would have been valid had it done so.[3] Having made no attempt to lift the stay, Wells Fargo was not “restrained” from repossessing the collateral in the same sense that it was under prior law- when the debtor successfully obtained a court injunction against repossession. The question here is whether Rule 13-307(d) alters the rights of a creditor who chooses to forego repossession, and seeks repayment of the contract by participation in the bankruptcy proceeding.
Had this been a straight bankruptcy proceeding, Wells Fargo would have been entitled to the value of the security, but could have participated in the general distribution for any deficiency only as an unsecured creditor. See United States National Bank v. Chase National Bank, 331 U.S. 28, 67 S.Ct. 1041, 91 L.Ed. 1320 (1947). Evaluation of its security would have been governed by § 57(h) of the Bankruptcy Act, 11 U.S.C. § 93(h),[4] which codifies the methods for evaluating the securities of creditors *80 who participate in bankruptcy proceedings that were approved by the Supreme Court in United States National Bank v. Chase National Bank, 311 U.S. 28, 67 S.Ct. 1041, 91 L.Ed. 1320 (1947). See In re Pennyrich International Co., 473 F.2d 417, 422 (5th Cir. 1973).
Although § 57(h) was enacted as part of the “straight” bankruptcy chapters, § 602 of Chapter XIII (11 U.S.C. § 1002), provides that the provisions of Chapters 1 to 7 shall apply in Chapter XIII proceedings insofar as they are not inconsistent with Chapter XIII. The methods of distribution described in § 57(h) and incorporated in Rule 13-307(d) are not inconsistent with Chapter XIII. See Poulos, The Secured Creditor in Wage Earner Proceedings: Dream Versus Reality, 44 J. of the Nat’l Conf. of Ref. in Bankr. 68, 75 (1970). Nothing appears in Chapter XIII to suggest that Chapter XIII was intended to deviate from this traditional approach for dealing with secured creditors. Moreover, Chapter XIII is patterned after Chapter XI, see id., and it is settled that in Chapter XI proceedings, a secured creditor is deemed unsecured to the extent that his security is inadequate, United States v. National Furniture Co., 384 F.2d 390 (8th Cir. 1965).
According to the Advisory Committee’s Notes for Rule 13-307(d), Rule 13-307(d) is an adaptation of § 57(h). Since § 57(h) is not inconsistent with Chapter XIII, and therefore applicable to Chapter XIII by virtue of 11 U.S.C. § 1002, Rule 13-307(d), itself derived from § 57(h), affects no substantive right of Wells Fargo, which has chosen to participate in the Chapter XIII proceedings.
The district court held that § 57(h) is “conceptually distinct” from Rule 13-307(d), because § 57(h) is applicable where a secured claim is filed in order to obtain a distributive share of the estate and not where, as here, a creditor is merely trying to collect on a secured installment contract. It also held that § 57(h) is inapplicable because it only applies where the secured creditor has the benefit of his collateral and the power to realize its value. By foregoing its opportunity to have the automatic stay lifted, however, Wells Fargo is very much like a secured creditor in a straight bankruptcy proceedings who files a secured claim with the estate and is paid with the proceeds of the estate. Likewise, Wells Fargo can hardly claim that it was denied the opportunity to receive the benefit of its collateral when it never attempted to reclaim the collateral.
In essence, Wells Fargo is contending that, by merely filing its claim with the trustee, it is entitled to full payment of its claim as if its entire claim were secured, even though the claim in fact is only partially secured. Such preferential treatment would be contrary to the established “bankruptcy rule” of distribution and clearly detrimental to the interests of the unsecured creditors.
In short, we conclude that, at least in the situation where a creditor does not seek to have the automatic stay lifted, Rule 13-307(d) is valid.[5]
II.
Wells Fargo alternatively contends that Rule 13-307(d), even if valid, deprives it of due process without just compensation. We find no merit in Wells Fargo’s vaguely articulated due process claim. As discussed, Rule 13-307(d) is modeled after § 57(h), which codifies the evaluation methods approved by the Supreme Court. There is nothing inherent in Rule 13-307(d) that would cause a diminution of a creditor’s security interest. Whether the trustee’s evaluation of a security in a given case deprives a creditor of just compensation will depend upon the particular facts of the case. Neither the bankruptcy court nor the district court considered Wells Fargo’s due *81 process claim and such an inquiry is premature here.
Reversed and remanded.

. The fact that no adverse action was taken by Congress indicates that it found no transgression of legislative policy. Sibbach v. Wilson, 312 U.S. 1, 15-16, 61 S.Ct. 422, 427-28, 85 L.Ed. 479 (1941).

. In determining whether to grant an injunction, the courts required the presence of three elements. First, the injunction was necessary to preserve the debtor’s estate or carry out the Chapter XIII plan. Second, the injunction must not impair the security of the lien. See, e. g., Thompson v. Ford Motor Credit Co., 475 F.2d 1217 (5th Cir. 1973).
The third element was somewhat unclear under prior case law. According to Wells Fargo, the third requirement was that the injunction could not be granted unless the creditor was guaranteed exact performance of the terms of the contract. A number of cases support this position. See Terry v. Colonial Stores Employee's Credit Union of Atlanta, 411 F.2d 553 (5th Cir. 1969); Hallenbeck v. Penn Mutual Life Insurance Co., 323 F.2d 566 (4th Cir. 1963); In re Rutledge, 277 F.Supp. 933 (E.D.Ark.1967); In re Pappas, 216 F.Supp. 819 (S.D.Ohio 1962); In re Copes, 206 F.Supp. 329 (D.Kan.1962); see also Thompson v. Ford Motor Credit Co., 475 F.2d 1217 (5th Cir. 1973). Other cases, however, formulated the third requirement in a significantly different way. They held that the bankruptcy court could enjoin creditors from reclaiming their security even though the wage earner plan modified their contractual rights. As long as the wage earner plan required payment of the contract on reasonable terms that would not impair the security, courts could enjoin reclamation of the security without demanding that the debtor comply with the specific terms of the contract. See In re Teegarden, 330 F.Supp. 1113 (E.D.Ky.1971); In re Pizzolato II, 281 F.Supp. 109 (W.D.Ark.1967); In re Pizzolato I, 268 F.Supp. 353 (W.D.Ark. 1967); In re Wilder, 225 F.Supp. 67 (M.D.Ga. 1963); Poulos, The Secured Creditor in Wage Earner Proceedings Dream versus Reality, 44 J. of the Nat’l Conf. of Ref. in Bankr. 68 (1970). This court apparently never resolved this issue.

. The trustee appears to argue that Rule 13-307(d) simply does not apply in the situation where the creditor seeks to have the injunction lifted, but only in a situation, where, as here, the creditor does not try to regain his collateral and instead participates in the proceedings. Given our disposition of the case, we need not decide whether Rule 13-307(d)’s evaluation methods can apply where a creditor seeks to have the automatic stay lifted but fails.

. Section 57(h), 11 U.S.C. § 93(h), provides that:
(h) The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors, or by such creditors and the trustee by agreement, arbitration, compromise or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance. Such determination shall be under the supervision and control of the court.

. Finally, we note that courts in three other cases have also concluded that Rule 13-307(d) does not effect a change in substantive law. See In re Wall, 403 F.Supp. 357 (E.D.Ark.1975); In re Garcia, 396 F.Supp. 518 (C.D.Cal.1974); see also Matter of McKee, 416 F.Supp. 652 (E.D.Ark.1974).