In re HANSON INDUSTRIES, INC., Debtor.

The BANK OF NEW ENGLAND, N.A., Plaintiff,

v.

HANSON INDUSTRIES, INC. and Steven D. Hanson, Defendants.

Bankruptcy No. 4–87–1478.
Adv. No. 4–87–091.

United States Bankruptcy Court, D. Minnesota.

March 7, 1988.

---

Phillip W. Bohl, William J. Fisher, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, Minn., for plaintiff.

John J. Connelly, Lindquist & Vennum, Kathryn P. Seebart, Wagner, Johnston & Falconer, Ltd., Minneapolis, Minn., for defendants.

1. Because Hanson Industries, Inc. is a debtor in a chapter 7 case, the real party in interest is the trustee. To date, however, no one has moved to substitute the trustee as a party.

## MEMORANDUM OF LAW

ROBERT J. KRESSEL, Chief Judge.

This proceeding came on for hearing on Steven D. Hanson's motion for remand pursuant to 28 U.S.C. § 1452(b). Phillip W. Bohl and William J. Fisher appeared for the Bank of New England, John J. Connelly appeared for Steven D. Hanson, and Kathryn P. Seebart, the trustee in the case of Hanson Industries, Inc., appeared *in propria persona.*[1]

The underlying dispute in this proceeding initially arose as part of a consolidated action in the Hennepin County District Court. On August 19, 1986, the Bank of New England commenced an action against Hanson Industries, Inc. and Steven D. Hanson to recover on a promissory note and foreclose on its security interest. On November 6, 1986, employees of Hanson Industries, Inc. started a second action in the same court against the same two defendants, as well as several other defendants. The employees action sought recovery of unpaid wages. Because the two cases were sufficiently related, the Hennepin County District Court consolidated them on January 16, 1987.

On May 1, 1987, various creditors, including the Bank of New England, filed an involuntary petition against Hanson Industries, Inc.[2] Shortly thereafter, this proceeding was removed from the Hennepin County District Court by the bank. On November 20, 1987, Steven D. Hanson filed a motion to remand this proceeding to the Hennepin County District Court.

On January 20, 1988, I ordered that this case be remanded for three reasons. First, the parties cannot agree as to whether the entire consolidated action has been removed or just the Bank of New England's claim. Second, the employees' claim is clearly not a core proceeding and it is debateable as to whether the bank's claim is a core proceeding. Third, and perhaps most important, one or more of the parties

2. An order for relief was entered on July 23, 1987. Seebart was appointed the interim trustee and now serves as trustee.

may be entitled to a jury trial. Under the circumstances, remanding this proceeding to the Hennepin County District Court is appropriate.

I am writing this Memorandum of Law in support of my decision to directly remand this proceeding, rather than filing a report and recommendation with the district court as provided in Bankruptcy Rule 9027(e). Effective August 1, 1987, Rule 9027(e) prohibits a bankruptcy judge from entering an order of remand. Because Rule 9027(e) as amended alters the jurisdictional powers of the district court, I have concluded that it is invalid and unconstitutional.

## I.

A brief discussion of the inter-related jurisdiction of the district court and the bankruptcy court is necessary to fully appreciate how Bankruptcy Rule 9027(e) infringes on Congress' grant of power to the district court. The bankruptcy court's jurisdiction is derived from the district court. "[T]he bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district." 28 U.S.C. § 151. The district court "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Pursuant to an order of the district court dated November 1, 1985, Local Bankruptcy Rule 103 was adopted in the district of Minnesota.[3] That Rule provides in relevant part:

> (b) *Reference* Subject to paragraphs (e) and (f) of this rule, all bankruptcy cases and all proceedings referable under 28 U.S.C. § 157(a), including any claim or cause of action that is removed under 28 U.S.C. § 1452 or Rule 9027, are referred to the bankruptcy judges and shall be assigned among them according to orders made by them under 28 U.S.C. § 154(a).
>
> .    .    .    .    .

(e) *Transfer: Abstention* A bankruptcy judge on the judge's own motion or motion of a party in interest may abstain from and dismiss an adversary proceeding under Local Rule 106(h) and 28 U.S.C. § 1334(c). A bankruptcy judge on the judge's own motion or motion of a party in interest may transfer to the district court a non-core adversary proceeding that is related to a bankruptcy case in which a party has not consented to a bankruptcy judge hearing and determining the proceeding under paragraph (c) of this rule, or is a jury trial proceeding under paragraph (d) of this rule, or is a personal injury or wrongful death tort claim proceeding under 28 U.S.C. § 157(b)(5). Upon entry of an order for transfer, the clerk of the bankruptcy court shall transmit all papers in the adversary proceeding file and the docket of the proceeding to the clerk of the district court who shall file and treat the papers as a civil action filed in the district court on the date filed in the bankruptcy court and assign the action to a district judge.

(f) *Withdrawal* A motion for withdrawal of reference in whole or in part of an adversary proceeding or a bankruptcy case under 28 U.S.C. § 157(d) shall be served and filed with the clerk of the bankruptcy court within 30 days after the basis for (sic) asserted cause becomes known to the moving party and a certified copy of the motion with proof of service annexed shall be filed by the clerk of the bankruptcy court with the clerk of the district court who shall file and treat the papers as a miscellaneous proceeding and assign the proceeding to a district judge for disposition. If an adversary proceeding or a bankruptcy case is ordered withdrawn in whole or in part under this paragraph, these rules shall continue to apply to the case or proceeding, unless the district court orders otherwise.

---

**3.** Local Rule 3 superceded an earlier order of reference entered by the district court on July 27, 1984.

Thus, bankruptcy courts have jurisdiction over bankruptcy cases and proceedings by reference from the district court.

### (a) *Reference of Bankruptcy Cases and Proceedings*

Perhaps the first issue that needs to be addressed is whether it is statutorily and constitutionally permissible for the district court to refer remand determinations to the bankruptcy court. Congress conferred on the district court "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Further, § 1334(b) provides:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). The district court may refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 ..." to the bankruptcy court. 28 U.S.C. § 157(a). It is through § 1334(b) and § 157(a) that the bankruptcy court derives its jurisdiction to hear and determine motions to remand. There is no language in either statute that restricts the district court's power to refer remand decisions to the bankruptcy court. Therefore, reference is statutorily permissible. *See Borchardt v. Farmers State Bank*, 56 B.R. 791, 792–93 (D.Minn.1986); *Thomasson v. Amsouth Bank, N.A.*, 59 B.R. 997, 1006–08 (N.D.Ala.1986).

A related question is whether an order of the bankruptcy court remanding a case is permissible in light on the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Marathon*, the Supreme Court found Congress' original grant of jurisdiction to the bankruptcy court under the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2549 (1978), to be unconstitutional. Jurisdiction was established under 28 U.S.C. § 1471. Subsections (a) and (b) of § 1471 were substantially the same as subsections (a) and (b) of § 1334:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

28 U.S.C. § 1471 (repealed). Subsection (c), however, provided that "[t]he bankruptcy court for the district in which the case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts." 28 U.S.C. § 1471(c) (repealed). The Supreme Court in *Marathon*, by plurality opinion, concluded that the broad grant of jurisdiction to bankruptcy judges under § 1471(c) was unconstitutional. *Id.* at 87, 102 S.Ct. at 2880. The Court reasoned that Article III of the Constitution prohibited Congress from vesting such expansive judicial powers in non-tenured judges. *Id.* at 76, 102 S.Ct. at 2874.

In response to *Marathon*, Congress enacted 28 U.S.C. §§ 1334 and 157. Section 157(a) authorizes the district court to refer its § 1334 jurisdiction to the bankruptcy court. The bankruptcy court's power, however, is more restricted than under the original jurisdictional statutes. Although bankruptcy judges have jurisdiction over any and all bankruptcy cases and proceedings, there are limitations on the judge's power to enter final orders. "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 ..." that are referred by the district court. 11 U.S.C. § 157(b)(1). Section 157(b)(2) sets forth a nonexclusive list of core proceedings:

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from

property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the state or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. § 157(b)(2).

In situations where the dispute is not a core proceeding, § 157 provides:

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(c). Consequently, in non-core proceedings the bankruptcy judge may submit findings of fact and conclusions of law to the district court, but may not enter a final order or judgment unless the parties consent. *See* 28 U.S.C. § 157(c)(2). As an alternative to hearing the proceeding and making a recommendation to the district court, the bankruptcy judge may transfer the case to the district court under Local Rule 103(e)[4] or abstain from hearing the proceeding under 28 U.S.C. § 1334(c).

The distinction between core and non-core proceedings in § 157 is the essence of Congress' answer to the Article III concerns raised in *Marathon.* If it is a core proceeding, the bankruptcy court through reference of the district court can enter final orders pertaining to the merits of the proceeding. If it is a non-core proceeding, the bankruptcy court may enter a final order only if the parties consent.

It is important to note that the distinction between core and non-core proceeding relates only to a bankruptcy court's power to adjudicate the merits of the parties'

---

4. Under Local Rule 103(e):

A bankruptcy judge on the judge's own motion or motion of a party in interest may transfer to the district court a non-core adversary proceeding that is related to a bankruptcy case in which a party has not consented to a bankruptcy judge hearing and determining the proceeding under paragraph (c) of this rule, or is a jury trial proceeding under paragraph (d) of this rule, or is a personal injury or wrongful death tort claim proceeding under 28 U.S.C. § 157(b)(5).

claims. A motion for remand is not a proceeding as that term is used in § 157.

> Whether the substance of [a party's] civil action is core or non-core is irrelevant to whether it should be remanded or transferred. The dichotomy of core and non-core found in section 157 addresses the *substantive* issues the bankruptcy judge can handle in the case and proceedings referred to him and how he handles them. Remand and transfer are procedural.

*Thomasson v. Amsouth Bank, N.A.*, 59 B.R. 997, 1007–08 (N.D.Ala.1986).[5] The bankruptcy court merely is deciding which court should hear the dispute, it is not adjudicating the parties' claims. Remand orders are analogous to orders for pretrial conferences, or orders dealing with admissibility of evidence. No one would claim that those determinations are proceedings within the meaning of § 157. Likewise, determination of a remand motion is not within the sphere of "proceedings" Congress sought to restrict under § 157. *See* 130 Cong.Rec. H7492 (daily ed. June 29, 1984) (statement of Rep. Kastenmeier), re-

*printed in,* 1984 U.S.Code Cong. & Admin. News 579; 130 Cong.Rec. S8891 (daily ed. June 29, 1984) (statement of Sen. Hatch), *reprinted in,* 1984 U.S.Code Cong. & Admin.News 590.[6]

Nor is a motion for remand the type of "proceeding" that the Supreme Court was concerned with in *Marathon*. The six judge majority in *Marathon* could only agree that "Congress may not vest in a non-Article III court the power to adjudicate, render final judgment and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review." *Thomas v. Union Carbide Agricultural Products, Co.*, 473 U.S. 568, 584, 105 S.Ct. 3325, 3334–35, 87 L.Ed. 2d 409 (1985). *See also Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986). Thus, *Marathon* prohibited final orders of the bankruptcy court with respect to the merits of state-created causes of action. Not only is a motion for remand not an adjudication on the merits, it is based on

---

**5.** Although the court in *Thomasson* characterizes a motion for remand in the same manner, it reached a different conclusion with respect to the bankruptcy judge's power to enter an order. The court concluded that even though the district court may properly refer remand motions to the bankruptcy court under § 157(a), the bankruptcy judge could only submit findings of fact and conclusions of law to the district court for a final order. 59 B.R. at 1008.

**6.** Part of the conference report contains an *Analysis of Proposed Amendments to the Bankruptcy Act of 1978.* In discussing § 157 and the Supreme Court's decision in *Marathon,* the *Analysis* notes:

> As indicated previously, six members of the Supreme Court found that bankruptcy judges could not adjudicate state-created causes of action. Moreover, the same majority agreed that, as adjuncts to the required Article III court, the bankruptcy judges could only perform narrowly circumscribed nonadjudicatory functions with respect to state-created causes of action.
>
> With respect to this holding, i.e., the inability of the bankruptcy judges to adjudicate state-based claims either alone or as an adjunct to the district court, it does not matter if there is another basis for Article III jurisdiction (diversity) other than the Code. Even where the district court can constitutionally

exercise jurisdiction over state-based actions as in cases where there is also diversity jurisdiction, it is clear, from *Marathon,* that the bankruptcy court, in its role as adjunct to the district court, can adjudicate no such causes of action. Therefore, the matters over which the bankruptcy court can exercise summary jurisdiction—core proceedings (28 U.S.C. § 157(b))—should exclude adjudication of state-based causes of action.

> The amended Bill should provide that the liquidation or estimation of contingent or unliquidated claims is not a core proceeding. Almost all causes or claims derived from and based upon state law, that have not yet been adjudicated, would qualify as contingent or unliquidated claims. Accordingly, this provision is essential in order to exclude the adjudication of state-based claims from the bankruptcy court's summary jurisdiction (core proceeding). This is required by *Marathon* and appears necessary to remove the adjudication of these state-based actions to the district courts.

130 Cong.Rec. S8891 (daily ed. June 29, 1984), *reprinted in* 1984 U.S.Code Cong. & Admin. News 601. It is clear from the analysis that the distinction between core and non-core proceedings in § 157 relates only to the adjudication of state-created causes of action. Congress did not intend to restrict the bankruptcy court's nonadjudicative powers.

federal not state law. As a result, nothing in § 157 or the Supreme Court's decision in *Marathon* prohibit the district court from referring remand motions to the bankruptcy court for final determination. *See Thomasson v. Amsouth Bank, N.A.*, 59 B.R. 997, 1006–08 (N.D.Ala.1986).

One of the main areas of confusion in analyzing these problems is the use in 28 U.S.C. §§ 1334, 1408, 1409, 1410, 1411, 1412, and 1452 of the term "district court." However, it is clear that the term district court includes district judges, bankruptcy judges, and magistrates. Bankruptcy judges are judicial officers of the district court. 28 U.S.C. §§ 151 and 152(a)(1). They exercise the authority of the district court to the extent it is referred to them subject, of course, to the limitations in 28 U.S.C. § 157.[7]

### (b) *Bankruptcy Rule 9027(e)*

Having concluded that reference of remand determinations is permissible, the next question is whether the Supreme Court exceeded its statutory authority in promulgating Bankruptcy Rule 9027(e) which requires that the district court enter the order on remand motions. Prior to August 1, 1987, Bankruptcy Rule 9027(e) read as follows:

> A motion for remand of the removed claim or cause of action may be filed only in the bankruptcy court and shall be served on the parties to the removed claim or cause of action. A motion to remand shall be served as soon as practicable. A certified copy of an order of remand shall be mailed to the clerk of the court from which the claim or cause of action was removed.

Bankruptcy Rule 9027(e) (amended 1987). Although not expressly stated in the language of Rule 9027(e), the bankruptcy court had authority to hear and determine the remand motion pursuant to the district court's order of reference. *See* 28 U.S.C. §§ 157(a) and 1334, and Local Rule 103(b).

On March 30, 1987, the Supreme Court amended Rule 9027(e). Effective August 1, 1987:

> A motion for remand of a removed claim or cause of action shall be filed with the clerk and served on the parties to the removed claim or cause of action. *Unless the district court orders otherwise, a motion for remand shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion.* The clerk shall serve forthwith a copy of the report and recommendation on the parties. Within 10 days of being served with a copy of the report and recommendation, the party may serve and file with the clerk objections prepared in the manner provided in Rule 9033(b). Review by the district court of the report and recommendation shall be governed by Rule 9033.

Bankruptcy Rule 9027(e) (emphasis added). As amended, Rule 9027(e) divests the district court of the power to refer remand motions to the bankruptcy court under 28 U.S.C. §§ 157 and 1334, and Local Rule 103(b).[8]

---

**7.** This is similar to the situation of magistrates under 28 U.S.C. § 1331 dealing with grant of jurisdiction to the "district court" over "all civil actions arising under the constitution, laws, or treaties of the United States." Nowhere does § 1331 mention magistrates but clearly under 28 U.S.C. § 636 magistrates may exercise the authority of the district court subject to the limitations found in § 636.

**8.** Rule 9027(e) could be read to avoid an infringement on the district court's power if one concluded that the words "[u]nless the district court orders otherwise" modified "shall file a report and recommendation for disposition of the motion." Bankruptcy Rule 9027(e). Such a construction, however, was not intended by the drafters of the Rule. The official note of the Advisory Committee on bankruptcy rules states:

> Section 1452 of title 28, with certain exceptions, provides for removal of claims or causes of action in civil actions pending in state or federal courts when the claim or cause of action is within the jurisdiction conferred by 28 U.S.C. § 1334. An order granting or denying a motion for remand is not appealable. 28 U.S.C. § 1452(b). Under subdivision (e), as amended, the district court must enter the order on the remand motion; however, the bankruptcy judge conducts the initial hearing on the motion and files a report and recommendation. The parties may file objections. Review of the report and recommendation is pursuant to Rule 9033.

In light of the Advisory Committee Note, it is clear that the words "[u]nless the district court orders otherwise" modify "shall be heard by the bankruptcy judge". Consequently, it is appro-

In the view of the Committee the problem with bankruptcy judges entering final orders on remand motions is the apparent nonappealability of their decisions. *See* 28 U.S.C. § 1452(b). Section 1452(b) provides that "[a]n order ... remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise." *Id.* The Supreme Court amended Rule 9027(e) to avoid a constitutional challenge similar to the one in *Marathon.*[9] The Advisory Committee Note to Rule 5011, which was similarly amended to require that district courts enter orders on abstention[10] evidences this concern:

> Subdivision (b). A decision to abstain under 28 U.S.C. § 1334(c) is not appealable. The district court is vested originally with jurisdiction and the decision to relinquish that jurisdiction must ultimately be a matter for the district court. The bankruptcy judge will ordinarily will

be in the best position to evaluate the grounds asserted for abstention. This subdivision (b) provides that the initial hearing on the motion is before the bankruptcy judge. The procedure for review of the report and recommendation are governed by Rule 9033.

This rule does not apply to motions under § 305 of the Code for abstention from hearing a case. Judicial decisions will determine the scope of the bankruptcy judge's authority under § 305.

Advisory Committee Note (1987). To avoid a constitutional attack on the nonappealability issue, the Committee drafted the Rule to require the district court to enter the orders.[11]

Prior to the 1987 amendments, a number of circuit courts addressed the appealability of remand orders from bankruptcy courts. In all cases where the bankruptcy court entered the order of remand,[12] the circuit

---

priate to consider the validity of the Rule. *Mississippi Pub. Corp. v. Murphree,* 326 U.S. 438, 444, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946) (The fact that this Court promulgated the rules as formulated and recommended by the Advisory Committee does not foreclose consideration of their validity, meaning, or consistency.); *Amstar Corp. v. S/S Alexandros T.,* 664 F.2d 904, 906 (4th Cir.1981).

9. There is a bit of irony to the Supreme Court's amendments to Rules 9027(e) and 5011(b). The Rules attempt to prevent a bankruptcy judge from entering orders with respect to abstention and remand from adversary proceedings. Yet, a bankruptcy judge may enter an order abstaining from the entire bankruptcy case under 11 U.S.C. § 305(a). That section provides:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
(1) The interests of creditors and the debtor would be better served by such dismissal or suspension; or
(2)(A) there is pending a foreign proceeding; or
(B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.
11 U.S.C. § 305(a). The bankruptcy judge's decision is not appealable. 11 U.S.C. § 305(c).

10. For all practical purposes, the considerations are virtually the same for remand and abstention. Remanding a proceeding is just a form of abstention. Thus, the Supreme Court amended Rule 5011(b) to make it consistent with Rule 9027(e):

(b) *Abstention from hearing a proceeding.* Unless a district judge orders otherwise, a motion for abstention pursuant to 28 U.S.C. § 1334(c) shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion. The clerk shall serve forthwith a copy of the report and recommendation on the parties to the proceeding. Within 10 days of being served with a copy of the report and recommendation a party may serve and file with the clerk objections prepared in the manner provided in Rule 9033(b). Review of the report and recommendation by the district court shall be governed by Rule 9033.
Bankruptcy Rule 5011(b).

11. Nowhere does the Committee articulate the constitutional problem with bankruptcy judges entering non-appealable abstention or remand orders.

12. A number of decisions deal only with the appealability of a final order of the district court. Most have held that actions removed directly to the district court or transferred to the district court were not appealable to the circuit court. *Sykes v. Texas Air Corp.,* 834 F.2d 488 (5th Cir.1987); *Dominick v. Dixie Nat'l Life Ins. Co.,* 809 F.2d 1559 (11th Cir.1987); *Adams v. Sidney, Schafer and Associates, Inc.,* 809 F.2d 1187 (5th Cir.1987). *But see Bobroff v. Continental Bank,* 766 F.2d 797 (3d Cir.1985); *Browning v. Navarro,* 743 F.2d 1069 (5th Cir.1984); *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984).

courts found that the bankruptcy court's decision was appealable to the district court, but not appealable to the circuit court. *Boone Coal and Timber Co. v. Polan*, 787 F.2d 1056 (6th Cir.1986); *National Developers, Inc. v. Ciba–Geigy Corp.*, 803 F.2d 616 (11th Cir.1986); *Hanna v. Philadelphia Asbestos Co.*, 743 F.2d 996 (3d Cir.1984). *See also Crocker Nat'l Bank v. Rayburn*, 781 F.2d 501 (5th Cir. 1986). Although the clear language of 28 U.S.C. § 1452(b) states that a remand determination is not appealable, the courts reasoned that "[b]ecause the district court had original jurisdiction over the matter removed from the state court, its review of the bankruptcy court's [ruling on] remand was not an appeal. Rather, it is more in the nature of a review of a recommendation made by the bankruptcy judge." *Polan*, 787 F.2d at 1059. *See also National Developers, Inc. v. Ciba–Geigy, Corp.*, 803 F.2d 616, 618 n. 2 (11th Cir.1986); *Hanna v. Philadelphia Asbestos Co.*, 743 F.2d 996, 1000 (3d Cir.1984). Construing § 1452(b) in this manner, avoids any Article III problems.

To a large extent, the Advisory Committee's concern over the nonappealability of remand orders is misplaced. The problem is not with which court decides the remand motion, it is with the nonappealability under 28 U.S.C. § 1452. The Advisory Committee properly recognized that the bankruptcy judge is in the best position to evaluate the merits of remand and abstention motions. *See* Advisory Committee Note to Rule 5011 (1987). Rather than burdening the district court with reviewing every motion made in the bankruptcy court, therefore, the focus should be on operation of § 1452(b). The decisions in *Polan, Ciba-Geigy Corp.*, and *Rayburn* exemplify this approach. Construing § 1452(b) as allowing a review by the district court resolves any constitutional problems, and relieves the district courts from the onerous task of reviewing recommendations of the bankruptcy court.[13]

It may be that the bankruptcy court order of remand has to be appealable to the district court to withstand constitutional challenge. However, that issue does not need to be resolved today. The only question raised in this case is whether the Supreme Court exceeded its statutory authority by requiring the district court to enter the remand order pursuant to Bankruptcy Rule 9027(e).

The Bankruptcy Rules are promulgated by the Supreme Court pursuant to 28 U.S. C. § 2075. That section provides:

> The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11.
>
> Such rules shall not abridge, enlarge or modify any substantive right.
>
> Such rules shall not take effect until they have been reported to Congress and the Chief Justice at or after the beginning of a regular session thereof but not later than the first day of May and until the expiration of ninety days after they have been thus reported.

28 U.S.C. § 2075. Thus, the Supreme Court is authorized only to prescribe rules dealing with forms, practice, and procedure in cases under title 11. Any rule that extends beyond the scope of § 2075 is invalid. *In re National Store Fixture Co.*, 37 B.R. 481, 488 (Bkrtcy.W.D.Mo.1984). *See also United States v. Bink*, 74 F.Supp. 603, 615–16 (D.Ore.1947). However, there is a strong presumption in favor of the rule's validity, *Wolff v. Wells Fargo Bank*, 618 F.2d 76, 78 (9th Cir.1980); *HFG Co. v. Pioneer Publishing Co.*, 162 F.2d 536, 539 (7th Cir.1947); *Ford Motor Credit Co. v. Wall*, 403 F.Supp. 357, 360 (E.D.Ark.1975), and whenever possible, a rule should be construed in a manner which avoids an attack on its validity or constitutionality.

Here, there is only one way Rule 9027(e) can be construed. Fearing a constitutional challenge to the nonappealability of remand orders of the bankruptcy court, the Supreme Court amended Rule 9027(e)

---

**13.** At the very least, the issue of the authority to abstain is a matter of controversy and substance not appropriately resolved by rule, but by legislation or court decision.

to prohibit the district court from referring remand motions to the bankruptcy court for final determination. Because the rule, in effect, amends Congress' grant of power to the district court under §§ 1334 and 157, it is outside the scope of authority under 28 U.S.C. § 2075. *Standish v. Gold Creek Mining Co.,* 92 F.2d 662, 663 (9th Cir.1937), *cert. denied,* 302 U.S. 765, 58 S.Ct. 476, 82 L.Ed. 594 (1938), (it is fundamental that a rule of court cannot enlarge or restrict jurisdiction given by statute). *See Venner v. Great N. Ry. Co.,* 209 U.S. 24, 35, 28 S.Ct. 328, 331, 52 L.Ed. 666 (1908) (Supreme Court may prescribe rules in any manner not inconsistent with the laws of the United States); *Hudson v. Parker,* 156 U.S. 277, 284, 15 S.Ct. 450, 453, 39 L.Ed. 424 (1895) (rules cannot enlarge or restrict powers of the court).

To suggest that Rule 9027(e) merely prescribes practice and procedure for remand motions would be to ignore the clear intent of the Advisory Committee in drafting the rule. It is not as though the Committee believed that remand motions are more practically made in the district court. Rather, the Committee drafted 9027(e) to avoid a problem with the nonappealability of remand motions. Although the concern may be valid,[14] it is not within the Supreme Court's rule-making power to alter Congress' grant of jurisdiction to the district court. Consequently, Bankruptcy Rule 9027(e) is invalid because it exceeds the scope of authority under 28 U.S.C. § 2075.

### III.

▮ Even if the Supreme Court acted within its statutory authority in promulgating Rule 9027(e), the Court's exercise of that authority in this case violates Article III, section 1, of the United States Constitution. Article III provides in pertinent part that "[t]he judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." U.S. Const. art. III, § 1, cl. 1. It is well settled that this language vests in Congress the power to regulate practice and procedure in the federal courts. *Sibbach v. Wilson & Co., Inc.,* 312 U.S. 1, 9, 61 S.Ct. 422, 424, 85 L.Ed. 479 (1941); *Wayman v. Southard,* 23 U.S. (10 Wheat) 1, 43, 6 L.Ed. 253 (1825). It is also well settled that Congress may delegate its power to the United States Supreme Court to promulgate rules of procedure to be followed by lower federal courts. *Sibbach,* 312 U.S. at 9, 61 S.Ct. at 424. Congress' authority to delegate, however, is limited by the laws and Constitution of the United States. *Sibbach,* 312 U.S. at 9–10, 61 S.Ct. at 424–25; *In re National Store Fixture Co.,* 37 B.R. 481, 488 (Bkrtcy.W.D.Mo. 1984).

One such limitation is contained in the language of Article III itself. Congress is vested with the power to "ordain and establish" lower federal court.[15] This power necessarily includes the authority to define the jurisdiction of those courts. Congress cannot delegate, nor can the Supreme Court constitutionally exercise, authority to fix the jurisdiction of lower federal courts. *Sibbach v. Wilson & Co., Inc.,* 312 U.S. 1, 10, 61 S.Ct. 422, 424, 85 L.Ed. 479 (1941); *Venner v. Great N. Ry. Co.,* 209 U.S. 24, 35, 28 S.Ct. 328, 331, 52 L.Ed. 666 (1908); *Hudson v. Parker,* 156 U.S. 277, 284, 15 S.Ct. 450, 453, 39 L.Ed. 424 (1895). *See also Lockerty v. Phillips,* 319 U.S. 182, 187, 63 S.Ct. 1019, 1022, 87 L.Ed. 1339 (1943). In *Venner v. Great N. Ry. Co.,* the Supreme Court noted:

The jurisdiction of the circuit court is prescribed by laws enacted by Congress in pursuant of the Constitution, and this

---

**14.** Notably, bankruptcy judges entered remand orders for three years prior to the amendment to Bankruptcy Rule 9027(e), for the most part without controversy or constitutional problems. In fact, in the analogous situation of abstention the Eighth Circuit was unconcerned with the entry of orders by the bankruptcy court. The court reversed the bankruptcy court's dismissal for lack of jurisdiction but held "that court (the bankruptcy court) should abstain from proceed-

ing with the resolution of the case" *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Titan Energy, Inc. (In re Titan Energy, Inc.),* 837 F.2d 325, 333 (8th Cir.1988).

**15.** Article I, Section 8, par. 9 provides that Congress shall "constitute Tribunals inferior to the supreme Court."

court by its rules has no power to increase or diminish the jurisdiction thus created, though it may regulate its exercise in any manner not inconsistent with the laws of the United States.

209 U.S. at 35, 28 S.Ct. at 331. Likewise, the Court in *Hudson v. Parker* determined that it could not by rule "enlarge or restrict its own inherent jurisdiction and powers, or those of other courts of the United States, or of a justice or judge of either, under the constitution and laws of the United States." 156 U.S. at 284, 15 S.Ct. at 453.

In this case, Rule 9027(e) directly restricts the jurisdictional powers of the district court. Congress granted the district court "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Congress further provided that the district court may refer any and all of its jurisdiction to the bankruptcy court under 28 U.S.C. § 157(a), including the implicit power to enter orders on nonadjudicative matters such as remand motions. Under § 157(a), the district court has the power to refer a proceeding for limited purposes, or it may refer a proceeding for any and all purposes. To the extent that Rule 9027(e) prohibits reference of remand motions to the bankruptcy court to decide, it unconstitutionally infringes on the district court's jurisdictional power.

The United States Supreme Court may not prescribe rules which alter the judicial powers of the lower federal courts. That power is reserved exclusively to Congress. In *Cary v. Curtis*, the Supreme Court stated:

[T]he judicial power of the United States, although it has its origin in the Constitution, is (except in enumerated instances, applicable only to this court) dependent for its distribution and organization, and for the mode of its exercise, entirely upon the action of Congress, who possess the sole power of creating the tribunals (inferior to the Supreme Court) for the exercise of the judicial power, and of investing them with jurisdiction either

limited, concurrent, exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good. To deny this position would be to elevate the judicial over the legislative branch of government....

44 U.S. (3 How.) 236, 245, 11 L.Ed. 576 (1845) (footnote omitted).

The exclusivity of Congress' authority to establish the judicial power of lower federal courts as recognized in *Cary, Venner,* and *Parker* is essential to maintaining the delicate balance of power reached by the Framers in drafting the Constitution. Article III establishes the United States Supreme Court in section 1 and sets forth its judicial power in section 2. U.S. Const. art. III. No act of Congress can infringe on the Supreme Court's power. At the same time, however, Article III vests in Congress the authority to establish the jurisdiction of all other federal courts, and the Supreme Court must not by rule or otherwise be permitted to infringe on Congress' power to establish and ordain those courts. To do so would violate the unambiguous mandates of Article III, and distort the time-honored concept of separation of powers. *See Palmore v. United States*, 411 U.S. 389, 401, 93 S.Ct. 1670, 1678, 36 L.Ed. 2d 342 (1973), *citing, Cary v. Curtis*, 44 U.S. (3 How.) 236, 245, 11 L.Ed. 576 (1845). (Congress possesses the sole power of creating lower federal courts and investing them with jurisdiction.); *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234, 43 S.Ct. 79, 82, 67 L.Ed. 226 (1922) (Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress.); *Hargrave v. McKinney*, 413 F.2d 320, 326 (5th Cir.1969) (Jurisdiction is a matter of naked power which can be regulated only by Congress consistent with Article III of the Constitution.).

## IV.

To summarize, Rule 9027(e) as amended effective August 1, 1987, is invalid and unconstitutional. The United States Su-

preme Court exceeded its statutory authority under 28 U.S.C. § 2075 in promulgating a rule which provides that the district court must enter remand motions in proceedings removed to the Bankruptcy Court. Even if Rule 9027(e) can be construed to be within the Supreme Court's statutory authority, it nevertheless is unconstitutional under Article III of the United States Constitution and the Separation of Powers Doctrine.

Therefore, in my order of January 20, 1988, I exercised the duties imposed upon me by the district court under Local Rule 103(b) and remanded this proceeding to the Hennepin County District Court. *See Hanna v. Plummer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 14 L.Ed.2d 8 (1965) (court can refuse to follow a rule prescribed by the Supreme Court if it transgresses the enabling act or the United States Constitution).