In re James C. MANESS, Lura A. Maness, Debtors.

EXCHANGE MUTUAL INSURANCE COMPANY, Plaintiff,

v.

James C. MANESS, Lura A. Maness, Defendants.

Bankruptcy No. 1–87–02450.
Adv. No. 1–88–0003.

United States Bankruptcy Court, E.D. Tennessee.

June 10, 1988.

## ORDER

RALPH H. KELLEY, Chief Judge.

The court has entered a memorandum opinion and an order concluding that this adversary proceeding should be remanded to state court. The question is how to proceed in light of Rule 9027(e).

Rule 9027(e) makes the bankruptcy court's decision on a motion to remand subject to de novo review by the district court. De novo review is not an appeal by a party to the proceeding. The bankruptcy court itself is required to send the decision to the district court for de novo review.

De novo review is a stricter standard for reviewing the bankruptcy court's findings of fact than the district court would apply in an appeal from the bankruptcy court. Furthermore, once the district judge has completed the de novo review, he has options that would not be available in an appeal. 28 U.S.C. §§ 157 & 158; Bankr. Rules 8013 & 9033(d); 1 L.King, Collier on Bankruptcy ¶ 3.01 at 3–51—3–54 (15th ed. 1988).

De novo review is also required in a broad range of proceedings known as non-core proceedings. In non-core proceedings, the bankruptcy judge's decision on the mer-

its is subject to de novo review on the presumption that the parties are constitutionally entitled to a decision at the trial level by an Article III court, the district court.

The parties' constitutional right to an Article III trial court is satisfied by the district court's power of de novo review; it makes the district court the ultimate decisionmaker at the trial level. 1 L. King, Collier on Bankruptcy ¶ 3.01[2][d]. (15th ed. 1988).

In a core proceeding, the bankruptcy court's decision is "final". It binds the parties unless one of them appeals to the district court. The district court acts only as an appellate court. 28 U.S.C. §§ 157 & 158.

The drafters of Rule 9027(e) required de novo review of a decision on a motion to remand because they were concerned with the effect of subsection (b) of the removal statute. It provides that a decision on a motion to remand is not reviewable by appeal or otherwise. 28 U.S.C. § 1452(b). The rule drafters thought that a final decision by the bankruptcy court might not be reviewable by the district court on appeal or otherwise, and this lack of any control by an Article III judge could raise a constitutional problem. *In re Hanson Industries, Inc.*, 83 B.R. 659, 17 Bankr.Ct.Dec. 250, 18 Coll.Bankr.Cas.2d 444 (Bankr.D. Minn. 1988).

The bankruptcy court in the *Hanson Industries* case concluded that the jurisdiction and procedure statutes and the Constitution do not require an Article III trial court to decide a motion to remand. In light of this conclusion, the remaining problem was whether the right to appeal to an Article III court was constitutionally required if the bankruptcy court could enter a final decision. The court concluded that there was no constitutional problem because a bankruptcy court's decision on a motion to remand can be reviewed by the district court on appeal, despite subsection (b) of the removal statute. The court reasoned that the removal statute's prohibition of review does not apply between the bankruptcy court and the district court because

they are not separate courts. *In re Hanson Industries, Inc.*, 83 B.R. 659, 17 Bankr.Ct.Dec. 250, 18 Coll.Bankr.Cas.2d 444 (Bankr.D.Minn.1988). The court concluded that Rule 9027(e) is unenforceable to the extent it requires de novo review because the requirement is inconsistent with the jurisdiction and procedure statutes.

■ This court could reach the same result. See *Boone Coal & Timber Co. v. Polan*, 787 F.2d 1056, 14 Bankr.Ct.Dec. 622, 14 Coll.Bankr.Cas.2d 1386 (6th Cir. 1986). The court, however, proposes a slightly different approach.

The parties in a non-core proceeding in the bankruptcy court can waive de novo review by the district court and consent to a final decision by the bankruptcy court on the merits. The bankruptcy court's decision will become final unless appealed to the district court. 28 U.S.C. §§ 157 & 158.

The Constitution and the statutes do not prohibit the parties from waiving de novo review by the district court even if the bankruptcy court's decision will not be reviewable on appeal or otherwise by the district court or another Article III court.

■ Waiver of de novo review by the district court does not give the bankruptcy court jurisdiction it can not constitutionally have. The parties' waiver of their right to a decision by the district judge does not create jurisdiction in the bankruptcy court as a separate non-Article III court. It only waives their personal right to a decision by a judge with tenure under Article III. *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537 (9th Cir.1984) (en banc) rev'g 712 F.2d 1305 (9th Cir.1983), cert. den. 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984).

Are the parties constitutionally barred from waiving de novo review because the decision will not be reviewable by the district court or any other Article III court? In other words, is de novo review unwaivable when the decision will not be reviewable on appeal?

A statute can constitutionally deny appellate review of an order remanding or denying remand of a proceeding removed to

federal court. See 28 U.S.C. § 1447(d); *Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) reh. den. 431 U.S. 975, 97 S.Ct. 2941, 53 L.Ed.2d 1073 (1977); *Kloeb v. Armour & Co.*, 311 U.S. 199, 61 S.Ct. 213, 85 L.Ed. 124 (1940). The court assumes for the purpose of argument that the denial of appeal is constitutional only if the court with jurisdiction of the motion to remand is an Article III court. Does this mean that only the Article III judge can decide the motion to remand? The court thinks not.

The principle of the *Pacemaker* decision appears to apply. The Constitution is satisfied if the parties have the right to de novo review by the district judge, whether or not they take advantage of it; they can waive it without causing a constitutional problem. Even if the decision will be unappealable, the important point is not whether the Article III district judge actually signs the order but whether jurisdiction to decide is in an Article III court. It is in the Article III district court if the parties have the right to de novo review.

This reasoning may be begging the question. The Constitution may require that some issues be actually decided by an Article III trial judge or subject to appeal to an Article III court. The court is of the opinion that a motion to remand does not fall into this category.

A comparison to the treatment of a motion to remand in a non-bankruptcy removal may be helpful on this point.

A district judge can refer a motion to remand a non-bankruptcy removal to the magistrate without the parties' consent. 28 U.S.C. § 636(b)(1) & (c). The district judge can refer the motion with the restriction that the magistrate's decision must be treated as a recommendation and sent back to the district judge for de novo review. 28 U.S.C. § 636(b)(1)(B); 12 C. Wright, A. Miller, & F. Elliott, Federal Practice & Procedure, Civil § 3076.5 at nn. 15 & 16 (Supp. 1987).

If the district judge does not impose this restriction, the motion to remand is treated as any other nondispositive pretrial motion. 28 U.S.C. § 636(b)(1)(A). The district judge is not absolutely required to review the magistrate's decision. The district judge will review the decision if a party objects after the decision is rendered, but without an objection he may or may not review the order. 12 C. Wright, A. Miller & F. Elliott, Federal Practice & Procedure, Civil § 3076.6 at 43 (Supp.1987).

When an objection is made, the standard of review is essentially appellate review, rather than de novo review; the district judge will reverse the magistrate's decision only if it is clearly erroneous on the facts or contrary to law. 28 U.S.C. § 636(b)(1)(A).

In summary, the magistrate's decision on a motion to remand is not automatically subject to de novo review by the district court. The statute essentially gives the parties the right to appeal to the district judge. Of course, the right to appeal can be waived by failure to object to the magistrate's decision. The result is that when no party objects to the magistrate's decision, it can be the final decision without review by the district judge or the right to appellate review by the court of appeals. 12 C.Wright, A.Miller & F.Elliott, Federal Practice & Procedure, Civil § 3076.6 at 43 (Supp.1987). 28 U.S.C. § 1447(c). The magistrate's decision will be final without any review by the Article III trial judge and without the right to appellate review by an Article III court.

The court realizes that a bankruptcy removal may be different because of the different statutory grounds for remand. The bankruptcy judge can remand a proceeding on any equitable ground. The magistrate, however, can remand a proceeding only if it was removed improvidently and without jurisdiction. 28 U.S.C. §§ 1452(b) & 1447(c). The courts have in fact reviewed remand orders in non-bankruptcy removals when the remand was on some basis other than the only statutory basis—that the removal was improvident and without jurisdiction. *Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) reh.den. 431 U.S. 975, 97 S.Ct. 2941, 53 L.Ed.2d 1073 (1977).

The bankruptcy statute could be interpreted to disallow review even if the remand order is not based on an equitable ground as required by the statute. The court doubts that the bankruptcy statute's prohibition on review will be interpreted this absolutely; the courts are likely to conclude that a remand order is reviewable if it is not based on an equitable ground as required by the statute. Thus, there is not necessarily a difference in result because of the different statutory grounds for remand.

There may be no practical difference for another reason. Under the non-bankruptcy statute, the parties' failure to object to the magistrate's decision on a motion to remand may be enough by itself to prevent review by the court of appeals without reference to the remand statute's prohibition on review. *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The result is that review of the magistrate's decision by an Article III judge, either at the trial level or on appeal, can be waived by failure to object to the magistrate's decision.

Congress put much thought into making the magistrate system not only workable but constitutional. The court sees no constitutional difference between the parties waiving review by the district judge of a magistrate's remand order and the parties waiving de novo review by the district judge of a bankruptcy judge's remand order. In both situations there will be no required review by the district judge and review by any Article III court will be unavailable if the order is based on a statutory ground for remand. In both situations no constitutional problem is raised by the parties' waiver of review by the district court even if it also means there will be no review by any Article III judge.

Thus, Rule 9027(e) resolves the potential constitutional problem by making the bankruptcy court's decision on a motion to remand subject to de novo review. De novo review need not be absolutely required and unwaivable in order to avoid a constitutional problem. It can be waived without creating a constitutional problem.

■ The parties, of course, must know that their waiver of de novo review by the district judge can also result in no appellate review by the district court or another Article III court.

■ The final constitutional question is whether conditioning de novo review on an objection by a party is unconstitutional because it makes the waiver of review not completely voluntary. The court thinks not.

Essentially the same result can be reached when a magistrate decides a motion to remand a non-bankruptcy proceeding removed to the district court. See 28 U.S.C. § 636(b)(1)(A) & (2); Fed.R.Civ.Proc. 72(a); 12 C. Wright, A. Miller, & F. Elliott, Federal Practice & Procedure, Civil § 3076.6 (Supp.1987). Furthermore, the parties already know the court's ruling on the motion to remand, which largely removes any involuntariness.

■ The next question is whether the bankruptcy statutes prevent the parties from waiving de novo review and consenting to a final unappealable decision by the bankruptcy court on a motion to remand.

The removal statute provides for removal to the district court, not the bankruptcy court but this simply follows the other statutes. See 28 U.S.C. §§ 157, 158, 1334, & 1409–1412. They all refer to the district court because bankruptcy jurisdiction is given to the district courts. The bankruptcy court has jurisdiction only as a part of the district court. The statute does not mean that the district court has to enter all orders in a removed proceeding. A removed proceeding can be treated like any other core or non-core proceeding. Rule 9027 recognizes this by treating removed proceedings as automatically referred by the district court to the bankruptcy court under the district court's general order of reference. The removal statute does not prevent the parties from waiving de novo review by the district court.

The procedure statute provides that the parties to a non-core proceeding can consent to a decision by the bankruptcy court

that will be subject to appeal to the district court. 28 U.S.C. § 157(c). This merely describes the general effect of waiving de novo review; the district court changes from the trial court to an appellate court. It does not mean that waiver of de novo review is allowed only if the decision will be subject to appeal.

Since neither the Constitution nor the statutes prohibit the parties from waiving de novo review and consenting to a final unappealable decision by the bankruptcy court, the court will allow the parties an opportunity to waive de novo review and consent to a final decision by this court.

This procedure is not entirely at odds with Rule 9027(e). The rule provides for de novo review of the bankruptcy judge's decision on a motion to remand, but this does not exactly bar waiver by the parties of the right to de novo review.

 Since the Bankruptcy Rules do not provide a method for the parties to waive de novo review of a decision on a motion to remand, the court will fashion its own procedure. Bankr.Rules 7012(b), 9027, & 9033.

The parties will be allowed ten days to object to the court's memorandum decision and order on the motion to remand. This is the same time that would be allowed to appeal the decision if it were final. If an objection is filed in the ten days, the court will send its decision and order to the district court for de novo review. If no objection is filed in the ten days, the failure to object will be treated as consent to this court's decision being the final order *and* not reviewable by appeal to the district court or otherwise.

Of course, an appeal of this order will prevent the remand from taking effect. An appeal of the remand order itself will be treated as an objection.

If either party desires to ask the district court to withdraw the reference of this proceeding, it must object or appeal within the ten days or the remand order will take effect and there will be nothing for the district court to withdraw.

The court's procedure is economical and efficient. It avoids altogether the needless shuffling of files between the bankruptcy clerk's office and the district court clerk's office when no party desires review by the district court.

Accordingly, it is ordered that—

The parties are allowed ten days after the date of this order to file written objections with this court to the order remanding this proceeding to state court.

Failure of all parties to file an objection within the ten days will constitute waiver of the right to de novo review by the district court and consent to the remand order becoming final and not reviewable by the district court by appeal or otherwise.