In re Larry Wayne and Dana Renee
MORRIS, Debtors.

LIEBER ENTERPRISES,
INC., Plaintiff,

v.

Larry Wayne and Dana Renee
MORRIS, Defendants.

Bankruptcy No. 385–32500–A–11.
Adv. No. 385–3995.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Dec. 6, 1985.

Linda Coffee, Palmer, Palmer & Coffee, Dallas, Tex., for debtors/defendants.

Robert Hannan, Law, Snakard & Gambill, Fort Worth, Tex., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER OF REMAND

HAROLD C. ABRAMSON, Bankruptcy Judge.

### I. PROCEDURAL BACKGROUND

On 6 November 1985 the Court heard the Motion to Modify the Automatic Stay filed by Lieber Enterprises, in which Lieber sought permission of this Court to go forward with state court litigation against Debtors and other non-debtor defendants. Counsel for Debtors appeared and opposed the motion on the basis that the relief sought in the state court litigation involved, *inter alia,* a request for imposition of a constructive trust on certain assets claimed by the estate. Counsel argued that such issues should be determined in this forum with due regard to the rights and claims of the other creditors. The Court entered an order lifting the stay to allow the parties to litigate their respective claims in state court. On 15 November 1985 counsel for Debtors filed a Petition for Removal with this Court, seeking to remove the entire state court action, including Lieber's claims against two non-debtors. On 25 November 1985 Lieber filed its Motion for Remand, with a brief in support, requesting that the litigants be returned to state court. On 2 December 1985, a hearing was held, at which time counsel for Debtors essentially re-urged the positions she had argued at the 6 November hearing

on the motion to lift stay. After considering the arguments of both counsel, the Court ordered this proceeding remanded to the state court pursuant to 28 U.S.C. 1452(b).

### II. FINDINGS OF FACT

1. When the petition under Chapter 11 was filed, Debtors were named defendants in an action pending in the 95th District Court for Dallas County, Texas. In that action, Lieber had claimed Debtors and their co-defendants owed Lieber the sum of $350,000.00. Lieber also sought to impose a constructive trust on certain assets claimed by Debtors. The co-defendants were not, and are not, debtors under Title 11.

2. At the time this action was removed, there was pending in the state court a pre-trial hearing, scheduled for 6 December 1985. A discovery schedule had previously been set by the state court. Substantial discovery had been undertaken, and the state court had familiarized itself with the legal and factual issues to be determined.

3. To permit litigation of this action in this Court will require substantial duplication of the efforts already expended in the state court litigation by the parties and the Court, and will cause considerable delay in the resolution of the dispute. Removal will also require this Court to adjudicate a controversy between Lieber, Lauterbach, and Johnson, all of whom are non-debtors.

### III. CONCLUSIONS OF LAW

1. Notwithstanding Lieber's assertions to the contrary, this is a core proceeding involving the contingent claim of a creditor against the estate. *See* 28 U.S.C. 157(b)(2)(B) and (O). Moreover, the imposition of a constructive trust, though governed by state law, has frequently been found to constitute a core proceeding. *See In re Richmond Children's Center, Inc.,* 49 B.R. 262, 264 (S.D.N.Y.1985); *In re Martin Fein & Company, Inc.,* 43 B.R. 623 (Bkrtcy.S.D.N.Y.1984); *In re Cohn*

*Brothers, Inc.,* 45 B.R. 723 (Bkrtcy.M.D. Penn.1985).

■ 2. With regard to evaluation by this Court of any state court judgment imposing a constructive trust on assets of the estate, it is clear that the interests of the creditors are not a factor, as the property upon which the trust is imposed cannot be considered property of the estate. *See* Code Section 541(d); H.R.Rep. No. 95–595, 95th Cong. 1st Sess. (1977) 368, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 5868. The beneficiary of any such trust would be entitled "to priority in payments as to all the assets of the bankrupt, ahead of the claims of creditors who have valid security interests, ahead of the administrative costs and expenses incurred in this court and ahead of all other priority and general creditors." *In re Kennedy & Cohen, Inc.,* 612 F.2d 963, 965 (5th Cir. 1980), *cert. den. sub nom. Wisconsin v. Reese,* 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38 (1980). *Accord, Matter of Quality Holstein Leasing,* 752 F.2d 1009, 1012 (5th Cir.1985); *Georgia-Pacific Corporation v. Sigma Service Corporation,* 712 F.2d 962, 968 (5th Cir.1983). It is therefore irrelevant, from the creditors' perspective, whether the decision is made by this Court or the state court in which the action was already pending.

■ 3. The duplication of effort by the parties and the Court required by removal, coupled with the improper exercise of jurisdiction over the non-debtor co-defendants, compel the conclusion that equity will best be served by remanding this proceeding to the state court from whence it was removed, pursuant to 28 U.S.C. § 1452(b).

■ 4. This Court, rather than the District Court, has authority to enter a final order of remand. Debtors have removed the case pursuant to 28 U.S.C. § 1452(a), which specifies that a party may remove a claim or cause of action in most civil actions to the District Court. By virtue of the local rule promulgated by the District Courts of the Northern District of Texas,

filed 8 August 1984, this case was automatically referred to this Court for disposition, consistent with the provisions of 28 U.S.C. 157. The operative effect of this removal and withdrawal is that the instant proceeding was removed to this Court. Section 1452(b) states that *"[t]he court to which such claim or cause of action is removed* may remand such claim or cause of action *on any equitable ground"* (emphasis supplied). It is noteworthy that counsel for Debtors initially removed the action to this Court, and not to the District Court; yet when the tide turns against her she suggests that the case was actually placed before the District Court, and that only the District Court has jurisdiction to remand. Such a theory is plainly inconsistent with Rule 9027(e), which provides that "a motion for remand of the removed claim ... may be filed *only in the bankruptcy court . . a motion to remand shall be determined as soon as practicable* (emphasis supplied)." To suggest that a motion which may only be filed in this Court is somehow beyond the jurisdiction of this Court borders on the absurd. As the Advisory Committee Note to Rule 9027 makes clear, the subsection quoted above "direct the *bankruptcy court* to decide remand motions as soon as practicable (emphasis supplied)." Moreover, as stated earlier, this matter is a core proceeding under Section 157(b)(2), and the Court therefore has jurisdiction to enter final orders and judgments, pursuant to Section 157(b)(1). In addition, and with respect to this motion to remand, without regard to the underlying proceeding, it is clear that "matters concerning the administration of the estate" are core proceedings. To the extent this motion to remand is such a matter, the Court has the authority to enter a final order disposing of the issues raised in the motion.

An order will be prepared remanding this case to the state court. Counsel for Lieber are admonished that the stay has been lifted only for the purpose of proceeding with the state court litigation. Although the order of remand is unconditional[1], the

1. *Browning v. Navarro,* 743 F.2d 1069, 1079 (5th      Cir.1984).

618

automatic stay remains in place as to any assets in the actual or constructive possession of Debtors.