In the Matter of Pasquale MATASSINI, Debtor.

R.W. MASHBURN, Lamas Oriental Foods, Inc., a corporation and Lamas, Inc., a corporation Plaintiffs,

v.

Pasquale MATASSINI, Defendant.

Bankruptcy No. 87–2316–8B1.
Adv. No. 88–150.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 9, 1989.

T. Payne Kelly, Tampa, Fla., for plaintiffs.

David Steen, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR REMAND

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on to be heard upon Plaintiff Mashburn, et al's, Motion For Remand of this proceeding back to the Circuit Court for Hillsborough County, Florida. In April, 1987, Plaintiff Mashburn sued the Debtor in a pre-petition action in the Circuit Court. The lawsuit was a two-count complaint, asserting in Count I replevin of two items of personal property, a safe and 166⅔ shares of stock as evidenced by a stock certificate. Plaintiff Mashburn claimed a right to these items in that he had sold his interest in a restaurant to Debtor Matassini, took back a second mortgage on the property, and retained a security interest in the vault and in the stock. Count II of the state court action was for declaratory judgment as regards whether or not Plaintiff Mashburn indeed had a security interest in the personal property, or whether he was the absolute title owner.

Subsequently, Debtor Matassini filed a Voluntary Petition in Chapter 11. The lawsuit which was pending at the time in the Hillsborough County Circuit Court was stayed by Section 362(a) of the Bankruptcy Code. In April, 1988, Plaintiff Mashburn sought relief from the automatic stay to proceed in the Circuit Court action as regards his right to possession of the stock. Relief from stay was granted. In May, 1988, the state court ruled Mr. Mashburn had a right to possession of the stock and the Debtor was required to deliver the stock to Plaintiff Mashburn. Simultaneously, the Debtor filed a motion in the state court action to set aside the order which determined Mr. Mashburn's right in that an application for removal to the bankruptcy court had been filed prior to the court's ruling. This particular application may have been defective and an amended application was filed on the same date the court ruled on Mashburn's right to possession of the stock. In any case, on May 17, 1988, an order on the application for removal was entered by this Court. Thereafter, Mr. Mashburn filed the Motion for Remand.

It should be noted that prior to removal of the state case, a separate adversary action was filed by Mr. Mashburn in this bankruptcy case. It sought to determine the nondischargeability of the indebtedness owed by the Debtor to Mr. Mashburn. Included in the allegations in the Section 523 action were the claims not only on the initial debt, but also on the stock and on the vault which are the same subject matter of the removed case. It appears, however, that both in the initial complaint and in the amended complaint to the adversary proceeding Mr. Mashburn narrowed the issues directly to the destruction of the safe and not to the issue of the extent and validity of his rights to the stock. Mr. Matassini, not to be undone, filed a counterclaim in the adversary proceeding to determine the extent and validity of Mr. Mashburn's security interest in the stock as well as other personal property sold by Mr. Mashburn to Mr. Matassini in the original sale of the restaurant. Thus, this Court has two adversary proceedings dealing with property of the estate, extent and validity of liens on property of the estate, and an action under Section 523 of the Code regarding the debt on the same personal property. All the causes of action are core matters. The Motion for Remand of the state court action is therefore a core matter.

When a motion for remand is filed in the bankruptcy court, Bankruptcy Rule 9027(e) seeks to deal with the issue. Unfortunately, this Rule may be inconsistent with other parts of the U.S.Code dealing with remand. Further, the Rule is not always practical, logical, or consistent with the general reference of bankruptcy cases by the district court to this bankruptcy court.

Rule 9027(e) requires the bankruptcy court to file a "report and recommendation" regarding the resolution of a motion for remand. The Clerk serves a copy of this report and recommendation on the parties, who have ten days to object. These objections are filed pursuant to Rule 9033, *Review of Proposed Findings of Fact and Conclusions of Law in Non–Core Matters.* See, *Paxton National Insurance v. British American Associates (In re Pacor,*

*Inc.),* 72 B.R. 927 (Bankr.E.D.Pa.1987), *aff'd,* 86 B.R. 808 (E.D.Pa.1987). Simply put, the district court would now be stuck with a de novo review of a motion to remand a proceeding like the case at bar which was initiated in the state court, stayed by the filing of the bankruptcy petition, sent back to the state court when the automatic stay was lifted, heard by the state court, removed to the bankruptcy court, and when a motion for remand is filed the bankruptcy court is required to give a report and recommendation to the district court to start the whole process over again without any resolution of the case on the merits. To allow this expenditure of judicial energies on a state court case, admitted to be a core matter in each of the adversary proceedings, is simply absurd. No member of a Rules committee, Congress, or the judiciary would ever envision such a non-productive and time consuming procedure. This Court is quite confident that Rule 9027(e) must be read in para-materia with 28 U.S.C. § 1452(b) and 28 U.S.C. § 151. Section 1452(b) of Title 28 provides that the court to which a case has been removed has the power to determine a motion for remand and such a determination is non-reviewable. 28 U.S.C. § 151 states "in each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district." In July, 1984, pursuant to Section 104(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, the United States District Court for the Middle District of Florida ordered "that all cases pending under Title 11 U.S.C., and all cases filed hereafter under Title 11 arising in or related to a case under Title 11 shall immediately be transferred and referred to the appropriate division of the bankruptcy court of this district." It is without question the court referred to in Section 1452(b) of Title 28 must include the bankruptcy court established pursuant to 28 U.S.C. § 151 when bankruptcy cases are referred to it. *Lieber Enterprises, Inc. v. Morris (In re Morris),* 55 B.R. 615 (Bankr.N.D. Tex.1985); *Marine Bank Appleton v.*

*Mill–Craft Building Systems, Inc. (In re Mill–Craft Building Systems, Inc.),* 57 B.R. 531 (Bankr.E.D.Wisc.1986). This Court does not find that Rule 9027(e) is unconstitutional. *The Bank of New England v. Hanson Industries, Inc. (In re Hanson),* 83 B.R. 659 (Bankr.D.Minn.1988). This Court believes Rule 9027(e) may be consistent with 28 U.S.C. § 1452(b) and 28 U.S.C. § 151 where the case sought to be remanded is a non-core matter. This Court, however, does not make a decision as to non-core aspects of the Rule. *In re L.T. Ruth Coal Company, Inc. v. Big Sandy Coal and Coke Company, Inc. (In re L.T. Ruth Coal Company, Inc.),* 66 B.R. 753 (Bankr.E.D.Ky.1986); *see, Exchange Mutual Insurance Company v. Maness (In re James C. Maness),* 88 B.R. 177 (Bankr.E.D.Tenn.1988). Further, this Court's ruling is consistent with the Eleventh Circuit's decision in *National Developers, Inc. v. Ciba–Geigy Corporation,* 803 F.2d 616 (11th Cir.1986).

The claims in the Plaintiff's adversary proceeding and the removed case are the same. Each cause of action directly affects the administration of the estate as well as property of the estate and allowance of claims associated with the estate. It would be an anomaly to find a bankruptcy court had jurisdiction over an adversary proceeding which raised the same issues in a case which had been removed to this Court, but would not have jurisdiction over the removed case. *In re L.T. Ruth Coal Company, Inc., supra.* In addition, since Plaintiff Mashburn initially sought this Court's jurisdiction in the adversary proceeding, this Court finds Plaintiffs have waived any objection to similar matters which have arisen in the removed case.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Remand filed by Plaintiff Mashburn, et al, be, and the same is hereby, denied. By separate order of the Court, this adversary proceeding shall be set for final hearing with the adversary proceeding R.W. Mashburn, Lamas Oriental Foods, Inc., and Lamas, Inc.,

Plaintiff, v. Pasquale Matassini, Defendant, Adv.Pro. No. 87–298.

DONE AND ORDERED.