In re **MARATHON HOME LOANS**, Debtor.

Bernice W. **CHAMBERS**, Plaintiff,

v.

**MARATHON HOME LOANS, Marathon Home Loans, Inc., a California Corporation, Marathon Fund One, a California Limited Partnership, Emily Sudduth, Homestead Securities Corporation, a California Corporation, David S. Hirshfeld, M.D., FBO Defined Benefit Pension Plan, and Gregory Reide, Defendants.**

Bankruptcy No. 288–M0116–C–11.
Adv. No. 288–0359.
No. CIV S 89–00012–MLS.

United States District Court,
E.D. California.

Jan. 18, 1989.

Ilene J. Jacobs, California Rural Legal Assistance, Marysville, Cal., for plaintiff.

Wayne Hinsdale, Taylor & Hinsdale, Yuba City, Cal.

David T. Cohen, Robinson, Diamant, Brill & Klausner, Los Angeles, Cal., for trustee.

Fairfield, McDonald, Sullard, Strauss & Roach, Ventura, Cal.

## ORDER ON MOTION FOR REMAND

MILTON L. SCHWARTZ, District Judge.

This is a motion for remand to California Superior Court, Sutter County, of a multi-defendant civil action sounding in theories of fraud, tort, and statutory violations that was removed by the chapter 11 trustee of one of the seven defendants, Marathon Home Loans. The motion was heard by Christopher M. Klein, United States Bankruptcy Judge, as provided in Bankruptcy Rule 9027(e).

On December 2, 1988, Judge Klein filed a Report and Recommendation For Disposition Of Motion For Remand, which was served by the Clerk of the Bankruptcy Court on December 16, 1988, on the parties together with a notice that any objections to the Report and Recommendation For Disposition Of Motion For Remand were to be filed with the Clerk within ten days. No objections to said Report And Recommendation For Disposition Of Motion For Remand have been timely filed.

The court has conducted a de novo review pursuant to Bankruptcy Rule 9033 and finds the Report And Recommendation For Disposition Of Motion For Remand to be supported by the record and Judge Klein's analysis. Accordingly,

IT IS HEREBY ORDERED that:

1. The aforesaid Report And Recommendation For Disposition Of Motion For Remand is adopted in full; and

2. The motion for remand is GRANTED.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION FOR DISPOSITION OF MOTION FOR REMAND

CHRISTOPHER M. KLEIN, Bankruptcy Judge.

This is a motion for remand to California Superior Court, Sutter County, of a multi-defendant civil action sounding in theories of fraud, tort, and statutory violations that was removed by the chapter 11 trustee of one of the seven defendants, Marathon Home Loans ("Marathon"). Such a motion is heard by the bankruptcy judge, who files a report and recommendation for disposition with the district court. Bankr.Rule 9027(e). The district court makes the final decision on the question of remand.

The plaintiff is a 72–year–old widowed invalid who borrowed money against her unencumbered home in Yuba City through Marathon at a premium interest rate in order to pay for her mother's funeral. Faced with foreclosure, she went to Marathon's bankruptcy court and obtained relief from the automatic stay so that she could file and prosecute her action in Sutter County. Marathon's trustee, having lost in his own bankruptcy court on the question of whether plaintiff would be permitted to file her state court action, removed the state court action to this court and says that, if this motion for remand is denied, he will seek transfer to the Central District of California where Marathon's bankruptcy is pending.

As set forth below, remand is appropriate. This court *sua sponte* is retaining jurisdiction to consider, after further hearing, the possibility of sanctions under Bankruptcy Rule 9011.[1]

---

1. A number of statements in the trustee's papers seem to lack foundation in fact or law. The circumstances associated with the trustee's removal after losing in his effort to prevent the state court filing in the first instance also suggest the elevation of gamesmanship over substance to a degree that raises the possibility that the remand was pursued for an improper pur-

## Standard to be Applied

The removal was pursuant to 28 U.S.C. § 1452(a). Remand is governed by 28 U.S.C. § 1452(b):

> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

Motions for remand are filed in the bankruptcy court and are determined pursuant to Bankruptcy Rule 9027(e), which provides in relevant part:

> (e) **Remand.** ... Unless the district court orders otherwise, a motion for remand shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion. The [bankruptcy] clerk shall serve forthwith a copy of the report and recommendation on the parties. Within 10 days of being served with a copy of the report and recommendation, a party may serve and file with the clerk objections prepared in the manner provided in Rule 9033(b). Review by the district court of the report and recommendation shall be governed by Rule 9033.

Bankruptcy Rule 9033 provides for de novo review in the same fashion as the review of a magistrate's recommended disposition under Federal Rule of Civil Procedure 72(b).

## Report of Hearing and Record

Hearing was held on November 10, 1988. Ilene J. Jacobs, Esq., of California Rural Legal Assistance, appeared for the moving party. David T. Cohen, Esq., of Robinson, Diamant, Brill & Klausner, appeared for the trustee. Evidence was presented by way of declarations that were filed with the respective parties' papers. Fed.R.Civ. P. 43(e). There was no objection to the contents of the declarations, which were admitted into evidence for purposes of this motion. *See* Fed.R.Evid. 103(a)(1).

## Report of Findings of Fact

1. Bernice Chambers ("Chambers") borrowed money through Marathon, giving a deed of trust against her residence. Chambers is a 72-year-old widow who is an invalid and who is able to sign her name only with a mark. The loan later became the subject of foreclosure proceedings prosecuted by Marathon in Sutter County, California. Supplemental Declaration of Cleo Turner, July 11, 1988; Declaration of Bernice W. Chambers, July 11, 1988.

2. Marathon is now a chapter 11 debtor in bankruptcy case No. LA 88–10557–NRR in United States Bankruptcy Court, Central District of California. Declaration of David T. Cohen, October 31, 1988.

3. Chambers filed a proof of claim in Marathon's bankruptcy and, in addition, moved for relief from the automatic stay. She sought permission from Marathon's bankruptcy court (a) to file a complaint in Sutter County Superior Court that would name Marathon as one of seven defendants in an action grounded upon various counts sounding in fraud, other torts, and statutory lender liability theories and (b) to obtain preliminary relief blocking a foreclosure sale that had been scheduled by Marathon. Declaration of Ilene Jacobs, October 7, 1988.

4. A copy of the proposed complaint was included with Chambers' motion for relief from the automatic stay. At least four of the other six defendants are not debtors in bankruptcy cases. Declaration of Ilene Jacobs, October 7, 1988; Trustee's Response To Bernice W. Chambers' Motion For Remand And Objection To Application For Removal at 5; oral concession of counsel for trustee at November 10, 1988, hearing.

5. Several of the counts in the complaint provide a basis, assuming the predicate facts are ultimately established at trial, for judgments against nondebtor defendants as well as the debtor.

---

pose. Either defect is sanctionable under Bankruptcy Rule 9011. *Zaldivar v. City of Los Angeles,* 780 F.2d 823 (9th Cir.1986). Neither can be resolved without further hearing, which the court intends to schedule.

6. The hearing on the motion for relief from automatic stay was held at 2:00 p.m. on July 13, 1988, before the Honorable Robin Riblet, United States Bankruptcy Judge, Central District of California. Declaration of Ilene Jacobs, October 7, 1988.

7. At the hearing on relief from stay, counsel for Marathon's chapter 11 trustee, counsel for Marathon itself, and counsel for the beneficiary of the deed of trust all appeared and opposed the proposed relief from the automatic stay, arguing that the proposed litigation would detrimentally affect the bankruptcy estate, and that it would be inconvenient and inappropriate to litigate in Sutter County Superior Court. Declaration of Ilene Jacobs, October 7, 1988.

8. Judge Riblet, at the conclusion of the hearing, orally granted the motion to permit Chambers to prosecute the state court action, obtain preliminary relief, obtain final judgment against any or all defendants, and enforce a judgment against any defendants and assets other than assets of the bankruptcy estate.

9. An Order For Relief From Automatic Stay in *In re Marathon Home Loans* containing the following provisions was signed and filed July 15, 1988, and entered on the docket July 26, 1988:

1) That the automatic stay pursuant to Bankruptcy Code § 362 which became operative upon the filing of the Petition for Bankruptcy in this case is lifted to allow the Movant to adjudicate her claims.

2) This Order is effective only as to Movant, Bernice W. Chambers.

3) The stay is not lifted to allow enforcement of a judgment against assets of the bankruptcy estate.

/s/ *Robin Riblet*

10. No appeal was taken from the Order For Relief From Automatic Stay.

11. The trustee actually had a copy of the intended complaint before July 13, 1988.

12. Chambers' Complaint was filed on July 14, 1988, in Superior Court of California, County of Sutter, and assigned docket No. 40210. That court granted a temporary restraining order the same day restraining Marathon's foreclosure sale, which also had been scheduled for that date. Declaration of David T. Cohen, October 31, 1988, Exhibits A and B.

13. On July 14, 1988, counsel for the trustee was notified by telephone that the case had been filed in Sutter County and that the temporary restraining order had been granted. Declaration of Ilene Jacobs, October 7, 1988.

14. The trustee actually received a copy of the temporary restraining order on July 18, 1988. Declaration of David T. Cohen, Exhibit C.

15. The trustee actually received a copy of the filed complaint on July 20, 1988. Declaration of David T. Cohen, Exhibit D.

16. The trustee filed his Application For Removal in the Eastern District of California on August 18, 1988.

17. The trustee gave, as bases to support removal, his assertion that the proper forum for resolution of the plaintiff's claim is the bankruptcy court and his assertion that, without removal, duplicative litigation in multiple forums would result. Application For Removal at 2.

18. If the trustee succeeds in resisting the motion for remand, he will attempt to have the matter transferred to the Central District of California. Trustee's Response To Bernice W. Chambers' Motion For Remand And Objection To Application For Removal at 21.

*Report of Conclusions of Law*

A removed claim or cause of action may be remanded "on any equitable ground" by way of a motion to remand. 28 U.S.C. § 1452(b). A motion to remand is also the appropriate procedural vehicle for a party to test whether a claim or cause of action has been improperly removed and for testing jurisdiction over the removed matter. *In re Princess Louise Corp.*, 77 B.R. 766, 771 (Bankr.C.D.Cal.1987). The decision on the question of remand is "not reviewable by appeal or otherwise." 28 U.S.C. § 1452(b).

■ The "any equitable ground" needed for remand subsumes both the usual considerations of fairness, economy, and common sense and, albeit uncomfortably, the procedural and jurisdictional grounds for granting a motion to remand. The traditional grounds include: forum non conveniens; judicial economy; prompt, final resolution of disputes; respect for state courts on issues of state law; and the expertise of the court in which the matter was pending originally. *See* 1 L. King, Collier on Bankruptcy ¶ 3.01[g]. The more technical grounds include, for example, untimely removal or lack of proper basis for removal. 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.171; Bankr.Rule 9027(a).

■ Several factors militate in favor of remand of this case. First, Marathon's bankruptcy judge, Judge Riblet, gave Chambers permission to file and prosecute her complaint in Sutter County Superior Court. The draft complaint was before Judge Riblet and was filed the day after the hearing. The effect of her order is to permit the action to be pursued in state court to its conclusion, including execution of judgment against any party other than the bankruptcy estate. The trustee appeared through counsel at the hearing, opposed relief that would permit the state court filing, lost, failed to appeal, and should not now be permitted to circumvent Judge Riblet's order.[2] This alone is sufficient equitable ground to warrant remand.

Second, any federal litigation of the Chambers action will entangle more than one federal forum. Some of the claims are "noncore" matters that are tried by the bankruptcy court with proposed findings of fact and conclusions of law then forwarded to the district court for review, which includes de novo review of matters to which a party objects. 28 U.S.C. § 157(c)(1); Bankr.Rule 9033.[3]

Specifically, Chambers' claims against the other nondebtor defendants are merely "related to cases under title 11" because the claims are independent of the existence of the Marathon bankruptcy and are between nondebtors. They include traditional actions at common law that are to be determined according to state law, and that would have been instituted in state court even if Marathon had not filed a bankruptcy case. 28 U.S.C. § 157; *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 90, 102 S.Ct. 2858, 2881, 73 L.Ed.2d 598 (1982) (concurring opinion); 1 L. King, Collier on Bankruptcy ¶ 3.01[c][iv].[4] This noncore status, coupled with the presence of nondebtors on both sides of the dispute, is another adequate reason for remand.

Next, some of the removed claims fit the criteria for a mandatory abstention that would necessitate remand. 28 U.S.C.

2. Judge Riblet's order lifting the automatic stay and giving Chambers permission in advance to litigate in state court disposes of the trustee's argument that:

> To allow remand of the Adversary Proceeding to the state court would ultimately result in the Trustee being faced with perhaps dozens of lawsuits in far-flung forums, requiring substantial dissipation of estate assets and severely prejudicing all the creditors of the estate and hampering its administration.

*Trustee's Response To Bernice W. Chambers' Motion For Remand And Objection To Application For Removal* at 3–4.

The process of requiring the bankruptcy court first to authorize the commencement or continuation of such state court litigation pursuant to 11 U.S.C. § 362 affords ample assurance that horrible events will not occur. Chambers abided by that process. Moreover, Chambers' claims as borrower against the debtor mortgage company are not typical of the claims confronting the trustee in the bankruptcy case, most of which claims are likely to be from lenders or investors. This confirms that the floodgates are not being opened.

3. A single federal forum, in theory, could be available if either (1) all parties stipulate to entry of judgment by the bankruptcy court pursuant to 28 U.S.C. § 157(c)(2), or (2) the district court elects to withdraw the reference to the bankruptcy court of this "related to" matter. The first alternative is doomed by Chambers' objection to any federal forum. The second is not likely in a district where the district judges are already overworked and, in any event, the action would still be vulnerable to a request for mandatory abstention that would necessitate remand.

4. The existence of these separate noncore claims eviscerates the trustee's contention that the arguably "core" nature of the claim against Marathon empowers the Marathon bankruptcy court to dispose of all the claims.

§ 1334(c)(2).[5] Chambers' state law claims include fraud, civil conspiracy, and intentional infliction of emotional distress, and are against the nondebtor defendants. Such claims are merely "related to," and do not "arise under" or "arise in," a case under title 11. They could not have been commenced in federal court absent 28 U.S.C. § 1334 because there is incomplete diversity of citizenship. And an action (the one here removed) has been commenced in state court. In view of California's statutory preference on superior court trial calendars for parties over the age of 70, the matter can be timely adjudicated in state court. Cal.Civ.Proc.Code § 36 (West 1988). As such, those claims fit squarely within 28 U.S.C. § 1334(c)(2).

Although Chambers has not specifically moved for abstention, mandatory abstention nevertheless is a limit on removal that cannot be ignored. Her motion for remand fairly puts the concepts underlying abstention in issue. Indeed, Professor Moore's observation that provisions for abstention "should go far to preclude abuse that might otherwise arise from bankruptcy removal" suggests that courts should routinely bear in mind the limits suggested by abstention when deciding remand questions. 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.171. Where, as here, the abstention would be mandatory, rather than prudential, it is a definite limit that elevates remand to a matter of right, at least with respect to the indisputably non-core claims.

Nor is there any compelling reason to force a bifurcation by remanding only some of the claims while requiring Chambers to proceed only in bankruptcy court on claims against the estate. The trustee's own bankruptcy court has already ruled that Chambers may proceed in Sutter County.

The terms of the order lifting the stay preclude execution of a judgment against the bankruptcy estate. Marathon's actions in attempting to foreclose in Sutter County invited counterattack in Sutter County. Moreover, Chambers is actually proceeding along the track demanded by the trustee because she has filed a proof of claim in the Marathon bankruptcy, while the trustee can litigate in the Marathon bankruptcy court. The extent to which the state court litigation may impair the trustee's ability to litigate that claim in his bankruptcy court is a matter largely within the control of that bankruptcy court and the trustee.

For all of these reasons, the motion for remand should be granted.

---

5. 28 U.S.C. § 1334(c)(2):
Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.