**Dale F. COOK, Sr., Plaintiff,**

v.

**Peggy June GRIFFIN, Jacob B. Griffin, Jr., James Curtis Maness, Laura Alice Maness and Kyle R. Weems, Trustee, Defendants.**

**No. 1:89–CV–558–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

July 5, 1989.

convinced that this was Citibank's primary objective.

Dale F. Cook, Sr., Chattanooga, Tenn., pro se.

Kyle R. Weems, Weems & Wilson, Chattanooga, Tenn., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This case was originally brought in the State Court of Fulton County and was removed to this court by the defendant pursuant to 28 U.S.C. § 1452. The case is now before the court on defendants' motion for summary judgment and on plaintiff's motion to abstain and remand.

### FACTS

This action arises out of a dispute over title to real property located in Catoosa County, Georgia. Plaintiff, Dale F. Cook, claims that he has legal title to the property and that the defendants have wrongfully deprived him of his interest therein. Plaintiff purchased the property "Rolling Acres" in June of 1978. In 1983 the property was conveyed by deed to plaintiff's sister and brother in law, defendants Peggy and Jacob Griffin. In March of 1986, the property was again conveyed this time from the Griffins to defendants Lura and James Maness. The Manesses have now filed for Bankruptcy, and the disputed property is part of the Bankruptcy estate. In April of 1988, the Bankruptcy court for the Eastern District of Tennessee approved a plan to sell the property in Catoosa County. After the order granting the motion to approve the sale was final, Mr. Cook filed an objection to the sale claiming legal title to the property. Judge Ralph Kelley, Chief Bankruptcy Judge of the Eastern District of Tennessee, refused to hear the objection and ordered that "any dispute regarding the title to the property should be settled in the courts of the State of Georgia." *In re James Curtis Maness and Lura Alice Maness,* 88 B.R. 177 (1988, Bkrtcy.E.D.Tenn). Judge Kelley then removed any stays on the property so that the plaintiff could proceed in state court. *Id.* at 178.

Plaintiff then filed this action in Fulton County Superior Court to quiet title to the property. Defendants removed the case to this court claiming jurisdiction based on 28 U.S.C. § 1334(b). This court agrees with Judge Kelly that this case is best settled in the courts of the state of Georgia and we according REMAND the case to the State Court of Fulton County.

### DISCUSSION

Title 28 U.S.C. § 1334 provides for jurisdiction in the federal courts for any "civil proceedings arising under title 11 (the Bankruptcy code), or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Therefore, Section 1334 provides three bases for jurisdiction: 1) cases "arising under" title 11, 2) cases "arising in" cases under title 11, and 3) cases "related to" cases under title 11. Disputes that are arising under title 11 or arising in cases under title 11 are called "core proceedings". Core proceedings are those proceedings which would not exist in law in the absence of the Bankruptcy code. *Thomasson v. Amsouth Bank, N.A.,* 59 B.R. 997 (N.D.Ala.1986). This case was removed pursuant to the third type of § 1334 jurisdiction, for cases "related to" title 11 cases but not arising under the Bankruptcy Code or in a bankruptcy case. These are referred to as "non-core proceedings". The usual test for "related to" jurisdiction is "whether the outcome could conceivably have any effect on the estate

being administered in Bankruptcy." *National Acceptance Company of California v. Levin*, 75 B.R. 457, 458 (D.Ariz. 1987); *Zweygard v. Colorado National Bank of Denver*, 52 B.R. 229 (Bkrtcy.D. Colo.1985). The dispute in this case is over title to property which is purportedly part of the Bankruptcy estate, therefore, the outcome of this proceeding could obviously have an effect on the estate in bankruptcy.

Title 28 U.S.C. Section 1452(a) provides for removal to a Federal Court for any claim or cause of action where the district court has jurisdiction based on § 1334. Therefore, the court finds that the defendant properly removed the action pursuant to § 1452(a). However, § 1452(b) provides:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.

The plaintiff has asked the court to abstain from hearing this case and to remand the action to the State Court of Fulton County.

Several factors mitigate in favor of remanding the case. Though this case does concern property which is the subject of a bankruptcy proceeding, the issues involved are purely matters of state law. *See, Mattingly v. Newport Offshore Limited*, 57 B.R. 797 (D.R.I.1986); *See also, Matter of Micro Mart, Inc.*, 72 B.R. 63 (Bkrtcy.N.D. Ga.1987). The Chief Judge of the Bankruptcy court handling the related case granted Cook leave to file his claim in the State Court of Georgia. Judge Kelley has clearly stated his opinion that the dispute is not so related to the bankruptcy action that it need be heard by the bankruptcy court. See, *In re Marathon Home Loans*, 96 B.R. 296 (E.D.Cal.1989).

Next and most importantly, the removed case fits the criteria for mandatory abstention under 28 U.S.C. § 1334(c)(2). Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction ...

Though there is some dispute as to whether mandatory abstention applies to cases removed under § 1452, *Micro Mart*, 72 B.R. 63, *Paul v. Chemical Bank*, 57 B.R. 8 (Bkrtcy.S.D.N.Y.1985), it is clear that the provisions for mandatory abstention are strong factors suggesting equitable remand under § 1452(b). *Id.* The three requirements for mandatory abstention are present in Cook's claim: 1) the case is based on a state law claim which, although related to a title 11 case, does not arise under title 11 or out of a title 11 case, 2) the case could not have been commenced in Federal court absent the Bankruptcy petition,[1] and 3) the court has confidence that the state court can timely adjudicate the cause of action.

Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts. *Mattingly v. Newport Offshore*, 57 B.R. at 799. Here, where the dispute involves purely state law concerns, there is no independent basis for federal jurisdiction and the Bankruptcy Court has expressed its preference for state court adjudication, the court will let the state court interpret state law.

CONCLUSION

For the above stated reasons the plaintiff's motion to remand is GRANTED. The case is remanded to the State Court of Fulton County. Defendants' motion for summary judgment is DENIED as moot.

So ORDERED.

---

1. The defendants have not shown the court and the record does not indicate an independent basis for federal jurisdiction.