**Shannon O'ROURKE, et al.**

v.

**Mark P. CAIRNS, et al.**

**Civ. A. No. 91–2062.**

United States District Court, E.D. Louisiana.

July 11, 1991.

Roland Louis Belsome, New Orleans, La., for plaintiffs.

Randall L. Kleinman, Hulse, Nelson & Wanek, New Orleans, La., for defendant Mark P. Cairns, D.D.S.

John Michael Johnson, Richard G. Duplantier, Jr., Galloway, Johnson, Tompkins & Burr, New Orleans, La., for defendant Continental Cas. Ins. Co.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the plaintiff's motion to remand and/or abstain. For the reasons that follow, the motion is GRANTED.

On February 2, 1989 plaintiff filed a medical malpractice suit in state court. A medical review panel had previously determined that the defendant, Dr. Mark Cairns, was responsible for the plaintiff's injuries. The defendant's insurer, Continental Insurance Co., contested coverage for its insured's actions. On March 18, 1991 Dr. Cairns filed for bankruptcy. Thereafter, the plaintiff moved for relief from the automatic bankruptcy stay, and on April 29, 1991 the stay was lifted, allowing the plaintiff to prosecute his suit in state court.[1] Within the month, Continental removed the case to federal court, relying on federal bankruptcy jurisdiction. Prior to removal, the plaintiff's trial was set for July 8, 1991 in state court, and both sides had participated in pre-trial practice.

### I. *Jurisdiction*

Before examining abstention and remand, the Court must first determine whether it has jurisdiction of this case; the Court must find that removal of the case was proper.

---

1. The motion was granted because the defendants did not oppose it.

Bankruptcy jurisdiction is grounded in 28 U.S.C. § 1334 (1991). Section 1334 provides in part:

(a) Except as provided in subsection (b) ..., the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) [T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Courts have struggled to define the elusive phrases "arising under," "arising in," and "related to." As a result, bankruptcy jurisdiction is complex and at best uncertain. *Matter of Wood*, 825 F.2d 90, 93 (5 Cir. 1987) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original)), the Fifth Circuit articulated the test for determining if a proceeding was one arising under, arising in, or related to a case under title 11: " 'whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy.' " Clearly, the resolution of the malpractice claim against Dr. Cairns could affect the estate being administered in bankruptcy. Therefore, the tort claim is at least related to a case under title 11, and this Court has jurisdiction under § 1334.

Once a case falls under the bankruptcy jurisdiction of the Court, it may be removed under 28 U.S.C. § 1452(a). Section 1452(a) provides:

(a) A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim ... under section 1334 of this title.

Since the Court has jurisdiction under § 1334, the claim was removable to federal court. Continental, in fact, removed the case by following the procedures specified in Bankruptcy Rule 9027.[2] Thus, Continental's removal of the malpractice claim, from state court to federal court, followed the

instruction of the Bankruptcy Code.[3] The issue, therefore, is whether this Court should remand the case, or in the alternative, abstain in exercising its bankruptcy jurisdiction.

## II. *Remand*

### A.

Since the pending state court case was removed to federal court, this Court relies on remand as the procedural device to determine whether the case should be sent back to state court. Presently, there is a debate in the courts whether abstention, either mandatory or discretionary, may be used to return a case to state court. The debate revolves around a conceptual problem: how can abstention apply after a case has been removed if, conceptually, a state court claim is no longer pending that can go forward while the federal court stays or suspends its jurisdiction? This rather metaphysical but real question causes the inquiry to center principally on remand rather than abstention. Remand seems the theory which rests on firmer theoretical ground, although some abstention doctrine is at work as well.

The ability of a court, sitting in bankruptcy, to remand a case after removal is dealt with in 28 U.S.C. § 1452(b). Section 1452(b) provides that:

(b) The court to which such claim or cause of action is removed may remand such claim ... *on any equitable ground.* An order entered under this subsection remanding a claim ..., or a decision to not remand, is not reviewable by appeal....

(emphasis added). Thus, a court, sitting in bankruptcy, may remand the case for equitable reasons alone. The Fifth Circuit has noted that a district or bankruptcy court has a "much broader range of discretion" in deciding motions to remand in the bankruptcy context than under 28 U.S.C. § 1447(c), the general removal statute.

---

2. Although the movant contends that Continental did not comply with Rule 9027, he provides no facts to support his position.

3. Since this Court remands the case on equitable grounds, it does not address the issue whether the removal was proper, even though the defendants did not unanimously request removal of the case.

*Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5 Cir.1984).[4] In *Browning,* the Circuit noted a number of factors to be considered in deciding an equitable remand issue: forum non conveniens; if the civil action was bifurcated, the entire action should be tried in the same court; a state court is better able to respond to state law; the expertise of a particular court; the duplicative or wasteful use of judicial resources; the prejudice to the involuntarily removed parties; comity issues; and a diminished likelihood of inconsistent results. *See Browning, supra* at 1076 n. 21.

**B.**

■ Similarly, bankruptcy courts have added factors to the test for equitable remand, with some even looking to whether the appropriateness of abstention can drive the decision favoring remand. In other words, some bankruptcy courts, although deciding whether to remand the case, take into account whether abstention would also be appropriate. In bankruptcy cases, abstention may be either mandatory or discretionary. Section 1334 defines both discretionary and mandatory abstention:

> (c)(1) [Discretionary] Nothing in this section prevents a district court *in the interest of justice, or in the interest of comity* with State courts or respect for State law, from abstaining from hearing a particular proceeding ... related to a case under title 11. (emphasis added)
> (2) [Mandatory] Upon timely motion of a party in a proceeding based upon a State law claim ..., related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Discretionary abstention is strikingly similar to equitable restraint, adding to the latter, the notion of comity. Mandatory abstention, however, is something more. One must satisfy four tests for entitlement to mandatory abstention: (1) the motion must be made timely; (2) the claim must be based on state law and is only "related to" the case under title 11; (3) the claim could not have been brought in federal court, absent the court's bankruptcy jurisdiction; and (4) the court finds that a timely resolution of the claim can occur in state court.

■ Courts have mixed both types of abstention in determining whether remand is appropriate. For example, in *Cook v. Griffin,* 102 B.R. 875, 877 (N.D.Ga.1989), the court noted that the "provisions for mandatory abstention are strong factors suggesting equitable remand under § 1452(b)." Similarly, in *Thomasson v. Amsouth Bank, N.A.,* 59 B.R. 997, 1002 (N.D.Ala.1986) the court wrote that "[a]lthough this court has found that it is not necessary to directly consider abstention (and there is some question whether the mandatory abstention would be applicable in this case), the congressional mandate of abstention in certain 'related to' cases enhances the importance of comity as an equitable ground for remand." Thus, this Court, in determining whether remand is appropriate, looks to the factors articulated by the Fifth Circuit, supplementing its analysis with respect for abstention principles.

**C.**

■ Remand is appropriate in this case. A trial in the state court will proceed more quickly there than in federal court. Continental removed the case only one month before it was scheduled to go to trial. The case has been pending in state court since 1989 and the July 1991 trial date was set as far back as November 1990. In spite of Continental's argument that the case will be more quickly resolved in federal court, the state court track is obviously the quickest one because of what has already taken place; in fact, Dr. Cairns has, assuming an

---

**4.** In *Browning,* the Fifth Circuit was interpreting § 1478(b), which was reenacted and slightly amended as § 1452(b).

imminent trial, filed a motion in limine and requested jury charges in state court. The state court was on the verge of trying this case when it was removed. To retain this case would be an extravagant expense of judicial resources because of the state court's readiness. Moreover, since only state law is involved, that court seems the more appropriate forum for resolving the case, and, it is helpful to add, the result reached will more likely be consistent with other state law decisions.[5] Remand will also avoid prejudice to the involuntarily removed party because the institutional delays implicit in starting over in this Court will not be encountered. Quite simply, the case can be resolved more quickly by the state court than here.[6] Thus, the *Browning* factors are satisfied and tilt well toward remand.

## D.

■ The tests for mandatory abstention also weigh in favor of remand. First, the claim could not have been filed in federal court except for the court's bankruptcy jurisdiction. Second, plaintiff's motion was timely; it was filed within a month of removal. Third, the case is only "related to" a case under title 11 because no substantive right in bankruptcy is at issue in the case;[7] the claim is for personal injuries in a medical malpractice setting. Fourth, in view of the history of this case in state court, there can and should be a timely resolution of the issue in state court. *See supra.*

Two final points affirm the Court's decision to remand. The insured and insurer do not agree between themselves that the case should be heard in federal court. Apparently, the insured wants the case tried in state court. Thus, the Court is inclined to remand the case for equitable reasons because the defendants do not themselves agree that the case can be better handled in federal court, and the text of § 1452(b), the remand statute, supports remanding this case; Section 1452(b) provides that remand may be granted on any equitable ground.

This case satisfies the *Browning* factors for remand, qualifies for both mandatory and discretionary abstention, and comports with the text of the statute.[8] Accordingly, the plaintiff's motion to remand is GRANTED.

---

5. Defendant says that since the case does not involve novel or important issues of state law, this Court should not remand the case. *See In Republic Oil Corp.*, 51 B.R. 355 (Bankr. W.D.Wisc.1985). This Court, however, notes that because this case only involves issues of state law, remand is appropriate. *See, e.g., Gorse v. Long Neck, Ltd.*, 107 B.R. 479, 483 (D.Del.1989); *Cook v. Griffin*, 102 B.R. 875, 877 (N.D.Ga.1989). Comity is also preserved by remand.

6. *See Allen County Bank & Trust Co. v. Valvmatic Intern.*, 51 B.R. 578 (N.D.Ind.1985), in which the court confronted a factual situation similar to this one and decided in favor of remand.

7. *See Matter of Wood*, 825 F.2d 90, 96 (5 Cir. 1987).

8. Continental repeatedly argues that since the state court's resolution of the malpractice claim could affect the bankrupt's estate, the case should not be remanded. By impacting on the estate, it is said, the case involves a federal interest. *In Republic Oil Corp., supra* and *In re DeLorean Motor Co.*, 49 B.R. 900 (E.D.Mich. 1985) are invoked for this proposition. But, in both cases, the disputes involved property that may have been part of the estate or required the application of both state and federal bankruptcy laws. In this pure tort case, however, only state law is controlling; therefore, there is no federal interest to protect. Moreover, the bankruptcy judge lifted the stay order, allowing the plaintiff to prosecute his claim despite the pending bankruptcy action.