Hazel SEALE

v.

Wayne OWENS & O–M Management Group, Inc.

Civ. A. No. 91–3758.

United States District Court, E.D. Louisiana.

Nov. 26, 1991.

---

Phillip K. Wallace, James E. Moorman, III, Muller & Wallace, New Orleans, for plaintiff.

William M. Magee, Mary Clemence Devereux, Magee & Devereux, Covington, for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

Before the court are two related motions: (1) the Motion to Refer Proceedings to the United States Bankruptcy Court for the Eastern District of Louisiana filed by plaintiff/debtor Hazel Seale; and (2) the Motion for Remand or in the Alternative Abstention filed by defendants Wayne Owens and O–M Management Group, Inc. ("O–M"). After reviewing the motions memoranda of counsel, the record, and the law, the court denies the motion to refer and grants the motion to remand (the alternative motion for abstention, therefore, is moot).

## BACKGROUND

On September 28, 1990, the plaintiff, Hazel Seale, filed this suit against Wayne Owens and O–M in the 22nd Judicial District for the Parish of St. Tammany, State of Louisiana. O–M executed a promissory note in favor of Central Progressive Bank ("CPB") on March 6, 1990. Seale executed a guaranty and assignment of rental payments to CPB on the promissory note. The plaintiff alleges that Wayne Owens, individually and as president of O–M promised to issue her 50% of the O–M stock in consideration for her guaranty and assignment of rents to CPB.

The plaintiff also alleges that in September 1991, she was advised by Owens that he planned to discontinue payments on O–M's note with CPB. On October 7, 1991, Seale filed a voluntary petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code. The plaintiff removed this case from state court, and asks the court to refer the case to the bankruptcy court.

## ANALYSIS

I. *Motion to Refer Proceedings to the United States Bankruptcy Court for the Eastern District of Louisiana*

The parties agree that the court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) which provides:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of any civil proceedings arising under title 11 or arising in or related to a case under title 11.

A proceeding is "related" to a case under title 11 when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In the Matter of Wood,* 825 F.2d 90, 93 (5th Cir.1987) (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (emphasis added)). The plaintiff, however, asks the court to refer this matter to the bankruptcy Court for the Eastern District of Louisiana.

28 U.S.C. § 157 provides the mechanism for district courts to refer cases to the bankruptcy courts:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). The Standing Order of Reference in this district provides:

> Pursuant to 28 U.S.C. § 157, it is hereby:
> ORDERED that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 filed in or transferred or removed to this district be and they hereby are referred to the bankruptcy Judges of this district for consideration and resolution consistent with law.

Thus, the Standing Order of Reference refers to the Bankruptcy Court proceedings over which the court has jurisdiction pursuant to 28 U.S.C. § 1334.

Although this matter is within the scope of those matters which may be referred to the bankruptcy court, the court's inquiry does not end here. Although section 157 permits referral of cases to the bankruptcy courts, "section 157 does not give bankruptcy courts full judicial power over all matters over which the district courts have jurisdiction under section 1334." *Wood,* 825 F.2d at 95. The bankruptcy judge has power to determine "all core proceedings arising under title 11, or arising in a case under title 11" [1] and power to enter appropriate orders and judgments. 28 U.S.C. § 157(b)(1). With respect to non-core proceedings which are "otherwise related to a case under title 11," the bankruptcy judge only has the limited power to hear the matter and "submit proposed findings of fact and conclusions of law to the district court," subject to de novo review. 28 U.S.C. § 157(c)(1).

The Fifth Circuit has held that "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood,* 825 F.2d at 97. "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding." *Id.*

---

1. Core proceedings include the following:
   (A) matters concerning the administration of the estate;
   (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11;
   (C) counterclaims by the estate against persons filing claims against the estate;
   (D) orders in respect to obtaining credit;
   (E) orders to turn over property to the estate;
   (F) proceedings to determine, avoid, or recover preferences;
   (G) motions to terminate, annul, or modify the automatic stay;
   (H) proceedings to determine, avoid, or recover fraudulent conveyances;
   (I) determinations as to the dischargeability of particular debts;
   (J) objections to discharges;
   (K) determinations of the validity, extent, or priority of liens;
   (L) confirmation of plans;
   (M) orders approving the use or lease of property, including the use of cash collateral;
   (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and
   (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.
   28 U.S.C. § 157(b)(2).

■ The court finds that this matter is not a core proceeding over which the bankruptcy court would have full judicial power. This action was filed in the state court prior to the plaintiff/debtor having filed her bankruptcy petition. Thus, this proceeding does not invoke substantive federal bankruptcy law, nor is it a proceeding which could arise only in a bankruptcy case. If this matter was referred to the bankruptcy court, the judicial power of the bankruptcy judge would be limited. Because the court finds that this matter should be remanded to the state court instead, the court denies the motion to refer these proceedings to the bankruptcy court.

## II. Motion for Remand or in the Alternative Abstention

■ As a preliminary matter, the court must address some procedural arguments raised by the plaintiff in opposition to this motion for remand or abstention. The plaintiff contends that the defendants failed *in the motion* to state with sufficient particularity the relief requested and the grounds therefor. The court finds that this argument without merit. When the motion is considered together with the memorandum in support of the motion, the relief requested and the reasons in support of that request are quite plain.

The defendants ask the court to either remand this case to the state court, or to abstain from hearing these proceedings. "The court to which [a bankruptcy] claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Such equitable grounds include:

(1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; ■ expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties;

(7) comity considerations; and (8) a lessened possibility of an inconsistent result.

*Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5th Cir.1984) (citations omitted).[2] "'This is a much broader range of discretion than is permitted district courts in deciding whether to remand under 28 U.S.C. § 1447(d)." *Id.*

In addition, the district court is not prevented "in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Section 1334 also calls for mandatory abstention under the following conditions:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

The decision to either remand or abstain from these proceedings involves some complex questions. As the court recently noted in *O'Rourke v. Cairns,* 129 B.R. 87 (E.D.La.1991):

Presently, there is a debate in the courts whether abstention, either mandatory or discretionary, may be used to return a case to state court. The debate revolves around a conceptual problem: how can abstention apply after a case has been removed if, conceptually, a state court claim is no longer pending that can go forward while the federal court stays or suspends its jurisdiction? This rather metaphysical but real question causes the inquiry to center principally on remand rather than abstention. Remand seems the theory which rests on firmer

2. The Court in *Browning* was referring to remands pursuant to 28 U.S.C. § 1478(b); this provision was slightly amended and reenacted as 28 U.S.C. § 1452(b).

theoretical ground, although some abstention doctrine is at work as well.

Thus, the factors which support abstention may also support equitable remand. *Id.* For example, "the congressional mandate of abstention in certain 'related to' cases enhances the importance of comity as an equitable ground for remand." *Thomasson v. Amsouth, N.A.,* 59 B.R. 997, 1002 (N.D.Ala.1986). As in *O'Rourke,* "this court, in determining whether remand is appropriate, looks to the factors articulated by the Fifth Circuit [in *Browning* ], supplementing its analysis with respect for abstention principles."

■ The court finds that remand in this case is appropriate. The important *Browning* factors leading to this conclusion include: (1) this case involves only state law issues, and a state court generally is better able to respond to questions involving state law; (2) because this is a non-core proceeding, referral to the bankruptcy court would lead to duplicative and uneconomic effort of judicial resources in two forums (the bankruptcy court and the district court); (3) comity considerations; and (4) a lessened possibility of an inconsistent result. (*see O'Rourke,* "the result reached will more likely be consistent with other state law decisions.")

■ In addition, the factors supporting mandatory abstention also militate in favor of remand. Entitlement to mandatory abstention requires all of the following:

(1) the motion must be made timely; (2) the claims must be based on state law and is only 'related to' the case under title 11; (3) the claim could not have been brought in federal court, absent the court's bankruptcy jurisdiction; and (4) the court finds that a timely resolution of the claim can occur in state court.

*O'Rourke, supra.* The plaintiff agrees that if the court finds that this matter is only 'related to' the title 11 case and is not a core proceeding, then at least the first three elements of the test for mandatory abstention have been met. The court has already determined that this is a non-core proceeding. Accordingly, only the fourth element, whether a timely resolution of the claim can occur in state court, is in dispute.

The court doubts that this matter could be resolved any more quickly in the federal court than in the state court. Because the other elements for mandatory abstention are present, and because several of the *Browning* factors are also present, the court finds that remand of this matter to the state court is appropriate.

Accordingly,

IT IS ORDERED that

(1) the Motion to Refer Proceedings to the United States Bankruptcy Court for the Eastern District of Louisiana filed by plaintiff/debtor Hazel Seale is DENIED;

(2) the Motion for Remand or in the Alternative Abstention filed by defendants Wayne Owens and O–M Management Group, Inc. is GRANTED with respect to the remand; the alternative motion for abstention is MOOT;

(3) this matter is hereby REMANDED to the 22nd Judicial District for the Parish of St. Tammany, State of Louisiana; and

(4) the hearing on these motions set for November 20, 1991 is CANCELED.