In re BALDWIN PARK INN ASSOCIATES, a California General Partnership, Alleged Debtor.

BALDWIN PARK INN ASSOCIATES, a California General Partnership, Outlook Baldwin Park Partners, Ltd., a Texas Limited Partnership by and through its general partner Outlook Baldwin Park Corporation, a California corporation, SWG Baldwin Park Inn Associates, Ltd., a California Limited Partnership by and through its general partner SWG Management Company, a California corporation, Stanley W. Gribble, an individual and Michael V. Harrell, an individual, Plaintiffs–Appellees,

v.

CITY OF BALDWIN PARK, a municipal corporation, Baldwin Park Redevelopment Agency, an agency of a municipal corporation, and Does 1 through 100, inclusive, Defendants–Appellants.

FIRST INTERSTATE BANCORP,
a Delaware corporation,
Plaintiff–Appellee,

v.

The CITY OF BALDWIN PARK, a municipal corporation, the Baldwin Park Redevelopment Agency, a public body, corporate and politic, and Does 1 through 10, inclusive, Defendants–Appellants.

No. SA CV 92–99 AHS.

United States District Court,
C.D. California.

July 7, 1992.

As Corrected Oct. 22, 1992.

Christopher L. Blank, Gregg P. Martino, Frederick H. Kranz, Graham & James, Newport Beach, Cal., for plaintiffs-appellees.

Ira G. Rivin, Hans Van Ligten, Mark A. Thompson, Robert W. Alberts, Rutan & Tucker, Costa Mesa, Cal., for defendants-appellants.

## MEMORANDUM OPINION REVERSING THE BANKRUPTCY COURT'S DENIAL OF APPELLANTS' MOTION FOR MANDATORY ABSTENTION AND REMAND

STOTLER, District Judge.

### I.

### FACTUAL BACKGROUND

The adversary proceeding from which this appeal stems is comprised of two actions originally filed against defendant-appellants City of Baldwin Park and the Baldwin Park Redevelopment Agency in Los Angeles Superior Court for the State of California, East District. The actions revolve around a series of agreements relating to the development of a hotel in a community redevelopment project in the City of Baldwin Park.

Under one of the agreements at issue, defendant-appellant Baldwin Park Redevelopment Agency (the "Agency") apparently undertook financial obligations on behalf of the hotel developer, plaintiff-appellee Baldwin Park Inn Associates ("BPIA"), one of which required it to fund all operating deficits of the hotel for the first ten years of operation, and one-third of such deficits thereafter. Under the terms of the agreement, the Agency and the City of Baldwin Park (the "City") were to pledge bed taxes from the hotel operations, sales and use tax receipts from an adjacent shopping center as well as the hotel and real estate tax incremental revenues in order to pay any operating deficits.

The hotel was financed through the sale of certificates of participation, issued pursuant to a Trust Indenture Agreement,

which were "credit enhanced" by an irrevocable, direct-pay letter of credit issued by plaintiff-appellee First Interstate Bancorp ("FIB"). Under a "Reimbursement Agreement" executed between BPIA and FIB, BPIA agreed to reimburse FIB for all draws under the letter of credit. The City, the Agency, BPIA and FIB entered into a related "Reserve Account Agreement" in December 1986, which provided that funds in a reserve account created under the Restated Second Amendment would be used to fund the hotel's operating deficits and payments on the certificates of participation.

In December 1990, after having paid money into the reserve account and in operating deficits, the Agency and the City refused to continue to do so. They contended that the relevant provisions of the aforementioned agreements were improper and void under state law.

BPIA and its related entities sued the City and Agency in the Superior Court of the State of California for the County of Los Angeles, East District, Case No. KC004522, on April 2, 1991. The complaint alleged claims for breach of contract, declaratory relief, fraud, negligent misrepresentation, writ of mandate and writ of prohibition. FIB commenced an action against the City and Agency on April 10, 1991 in Los Angeles Superior Court, Central District, in Case No. BC025682, asserting breach of contract claims. The City and Agency filed answers and cross-complaints in both actions, requesting that the agreements be invalidated on constitutional, statutory and California case law grounds.

SWG BPIA, Ltd., a related entity to BPIA and co-plaintiff in the BPIA state action, filed an involuntary petition in bankruptcy against BPIA pursuant to Chapter 11 on July 31, 1991. The Superior Court granted the BPIA plaintiffs' motion to consolidate the FIB and BPIA state actions on September 30, 1991. BPIA thereafter removed the consolidated actions to bankruptcy court pursuant to 28 U.S.C. § 1452(a). In the Notice of Removal, BPIA asserted that the consolidated actions were non-core bankruptcy proceedings; in its statement filed pursuant to Bankruptcy Rule 9027(e)(3), FIB similarly indicated that the consolidated proceedings were non-core bankruptcy matters.

On November 26, 1991, the City and Agency filed a Motion for Mandatory and Discretionary Abstention and Remand in the bankruptcy court. At the hearing on the abstention motion, the bankruptcy court held that the abstention provisions under 28 U.S.C. § 1334(c) do not apply to removed actions, but that at any rate the City and Agency had failed to present sufficient evidence to indicate that the actions could be timely adjudicated in state court upon remand. The bankruptcy court entered its Order January 16, 1992. The City and Agency filed a timely Notice of Appeal with this Court on February 10, 1992.

## II.

### PROCEDURAL BACKGROUND

Defendant-appellants filed their opening brief and volumes of the record of proceedings in the bankruptcy court on April 24, 1992. Plaintiff-appellees filed their opposition brief on May 11, 1992. Plaintiff and cross-defendant FIB filed its Notice of Joinder in the appellees' opposition brief on May 12, 1992. Defendant-appellants filed their reply brief on May 21, 1992. The Court heard oral argument on the appeal June 1, 1992. At the conclusion of the hearing, the Court adhered to its tentative ruling, finding that the bankruptcy court had erred when it found that the abstention provisions in 28 U.S.C. § 1334(c) do not apply to removed actions; that mandatory abstention was required under the circumstances of this case. The Court entered its Order to that effect on June 29, 1992.

## III.

### STANDARD OF REVIEW

■ Appellants contend that the appropriate standard of review as to all questions presented here is *de novo*, since only questions of law and mixed questions of law and fact are at issue. *See In re American Mariner Indus., Inc.*, 734 F.2d 426, 429 (9th Cir.1984) (questions of law) and *In*

*re Mader*, 100 B.R. 989, 990 (N.D.Ill.1989) (mixed questions of law and fact). Appellees contend that the question of whether or not the state court could timely adjudicate the matter should be reviewed under the clearly erroneous standard.

The Court finds that the de novo standard of review is appropriate for all the issues presented on appeal, because they constitute either pure questions of law or mixed questions of law and fact.

## IV.

### THE PARTIES' CONTENTIONS

#### A. DOES "COMMENCED" MEAN "PENDING?"

Pursuant to 28 U.S.C. § 1334(c)(2), a bankruptcy court is required to abstain from exercising jurisdiction in a non-core proceeding "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Section 1334(c)(1) provides for discretionary abstention in either core or non-core proceedings "in the interest of justice, or in the interest of comity with State courts or respect for state law." In connection with defendant-appellants' motion for abstention and remand, plaintiff-appellees contested only two issues in the bankruptcy court below: whether this proceeding was core or non-core and whether a state court could timely adjudicate the claims therein. The bankruptcy court determined independently, however, that defendants had failed to satisfy the requirement that a state court action be "commenced," because the action had been removed from state court and no state action was therefore pending.

Appellants assert that the bankruptcy court's reading of the word "commenced" as used in section 1334(c)(2) is erroneous. They contend that if Congress had intended for the statute to mean "pending," Congress would have phrased it that way. Legislative history supports their interpretation, they claim, because the original Senate version of the proposed statute required that a state court action "has been or will be instituted," and the final version

only requires that a state court action be "commenced." They urge that this indicates Congress was ultimately concerned with whether or not an action had been filed in state court, not whether one was currently pending there.

Moreover, they argue that the interpretation of the statute in *In re Chiodo*, 88 B.R. 780 (W.D.Tex.1988) is the prevailing and correct one, rather than that applied by Bankruptcy Judge Barr in this case and Judge Abrams in *In re 666 Associates*, 57 B.R. 8 (Bankr.S.D.N.Y.1985). In *666*, the Court reasoned that if the court were to abstain, "nothing would go forward," since the action had been removed from state court, and if Congress had intended for mandatory abstention to apply to removed actions, it would have inserted a cross-reference in 28 U.S.C. § 1452(b), which deals with remand, as it had done in § 1452(a), which deals with removal. 57 B.R. at 12.

*Chiodo* rejected this reasoning and this Court should as well, appellants argue, because: (1) section 1452(a) incorporates section 1334 in its entirety ("a party may remove any claim ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim ... under section 1334"); and (2) mandatory abstention is an integral limit on removal jurisdiction in the bankruptcy court. 88 B.R. at 784–85. The only published circuit court opinion dealing with this issue, *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 584 n. 1 (6th Cir.1990), follows *Chiodo* and asserts: "[t]he abstention provisions of 28 U.S.C. § 1334(c)(2) apply even though a case has been removed pursuant to 28 U.S.C. § 1452."

The stated concern of the bankruptcy court here that if it were to abstain the case could not proceed is erroneous, appellants assert, because the court would have three options: (1) abstain while retaining jurisdiction until the parties obtain a state court adjudication; (2) dismiss the proceeding; or (3) remand the action to state court. Appellants contend that abstention and remand of bankruptcy related cases "go

hand-in-hand," quoting *Chiodo*, 88 B.R. at 785, and rely on *In re Marathon Home Loans*, 96 B.R. 296, 301 (E.D.Cal.1989) for the proposition that where abstention is mandatory, remand is elevated to a matter of right. Thus, they conclude that remand is the appropriate remedy here upon abstention, and that the case can proceed smoothly and timely thereafter in the state court.

In opposition, appellees contend that the better conclusion is that of Bankruptcy Judge Barr: that section 1334(c) does not apply to removed actions. They cite *O'Rourke v. Cairns*, 129 B.R. 87 (E.D.La. 1991) and *Seale v. Owens*, 134 B.R. 181 (E.D.La.1991) in support of their position. They contend that, as a matter of common sense, abstention is only appropriate where there are two similar matters pending simultaneously in different fora; and here, there is only one active proceeding in bankruptcy court. Moreover, they argue that the *only* real option for the bankruptcy court upon abstaining would be to remand, since dismissal would prejudice the party bringing the action, and therefore the procedure of removal to bankruptcy court would be emasculated if mandatory abstention principles were to apply. Since remand therefore appears to be the only viable option for the bankruptcy court upon abstaining, appellees argue that it would make sense for section 1452(b) to make specific mention of section 1334 abstention in its treatment of the remand process. The fact that section 1452(b) does not make such an explicit mention of section 1334 indicates that Congress never intended for the abstention provisions to apply to actions removed to bankruptcy court, appellees conclude.

Appellees propose that section 1334(c)(2) be applied only to adversary proceedings brought directly in bankruptcy court which involve the same or similar state law issues as a simultaneously pending state court action.

In reply, appellants argue that if appellees' position is accepted, a party could always avoid mandatory abstention by filing an action in state court and then removing it to bankruptcy court, rather than directly filing an adversary proceeding in the bankruptcy court. Moreover, they assert that *O'Rourke* and *Seale* passed no judgment on the applicability of mandatory abstention to removed actions; instead, the courts just chose to remand, rather than to abstain. *O'Rourke*, 129 B.R. at 91, *Seale*, 134 B.R. at 185.

## B. PROPRIETY OF MANDATORY ABSTENTION AND REMAND IN THIS CASE

Appellants contend that the bankruptcy court should have invoked mandatory abstention as to this non-core proceeding under 28 U.S.C. § 1334(c)(2), since the seven relevant factors are satisfied here: a timely motion, a purely state law question, a non-core proceeding, lack of independent federal jurisdiction aside from the Title 11 petition, an action commenced in state court, the ability timely to adjudicate the state court action and the existence of a state forum with appropriate jurisdiction. *In re World Solar*, 81 B.R. 603, 606 (S.D.Cal.1988). Appellants address only the non-core proceeding and timely adjudication issues in their brief, since all parties acknowledged the presence of the other five factors during the hearing on the motion below.

Appellants contend that this proceeding is non-core, since (1) plaintiffs admitted this in their Notice of Removal (though they later recanted it in opposing the abstention motion) and (2) the claims do not arise under Title 11 and would exist in law absent the bankruptcy code. *See* 28 U.S.C. § 1334(c)(2); *Cook v. Griffin*, 102 B.R. 875, 876 (N.D.Ga.1989). All of the claims are based on state statutory and constitutional law, e.g., breach of contract, fraud, misrepresentation, etc. *See* Excerpts of Record, Vol. I and II, Ex. 2, 3, 6, 7.

Moreover, it can be timely adjudicated in state court, they assert, as evidenced by the declaration of attorney Hans Van Ligten and a certified copy of the Los Angeles Superior Court Rules, which were submitted to Judge Barr. Mr. Van Ligten indicated in his declaration that he had

recently had cases set for trial in Los Angeles Superior Court from 132 to 135 days from the status conference and that pursuant to the Superior Court Rules court and jury trials are set within 90 to 120 days from the status conference, respectively, in that court. The bankruptcy court set a trial date of June 30, 1992, 169 days from the status conference, so that this matter would have been even more timely adjudicated had it remained in state court, appellants contend. However, since a withdrawal of the reference is appropriate, appellants argue that a comparison of this Court's docket with the apparent load of the state court should be performed in order to determine whether the parties will receive a relatively "timely" adjudication of this dispute in state court. (Appellants mention that this Court can take judicial notice of its own docket.)

Therefore, no matter whether this Court holds appellants to a standard of proof to establish that this action can be timely adjudicated in state court (*see, e.g., In re Allied Mechanical and Plumbing Corp. v. Dynamic Hostels Housing Development Fund Co., Inc.*, 62 B.R. 873, 878 (S.D.N.Y. 1986)) or whether this Court interprets section 1334(c)(2) to call for a presumption that an action can be timely adjudicated in state court (*see, e.g., Cook v. Griffin*, 102 B.R. at 877), appellants argue that they have satisfied the "timely adjudication" factor and therefore abstention by the bankruptcy court was mandatory.

In opposition, appellees assert that because the bankruptcy court did not rest its decision on the "non-core proceeding" factor, they do not argue it at length here, but merely incorporate their arguments from their briefs in opposition to the original motion. They do argue that their "admission" of the proceeding's non-coreness should not be held against them, since the determination of coreness is a delicate and tricky issue (and at the time of removal, appellees had not thought it out thoroughly). Moreover, they summarize that the removed proceeding falls within five categories of 28 U.S.C. § 157(b)(2) (subsections (A), (B), (C), (K) and (O)): administration of the estate, allowance or disallowance of claims against the estate, counterclaims by the estate against the entity filing a claim against the estate, determination of the validity, extent or priority of liens against the estate, and other proceedings effecting the liquidation of assets.

They further contend Bankruptcy Judge Barr's determination that the matter could not be timely adjudicated in state court was not clearly erroneous: after considering the evidence and declarations before him, he accorded them their relative weight and determined that considering the state court and bankruptcy court's calendars as well as the complexity of the issues presented to allow the case to proceed in state court would unduly prolong it. Moreover, they assert that there is nothing in the record to suggest that Judge Barr based this determination on how soon the matter *will* get to trial rather than when it *could* or *might*, i.e., he did not focus on probability rather than possibility.

In reply, appellants argue: (1) that appellees should not be allowed to recant their original statement of "non-coreness" in their Notice of Removal; (2) these consolidated state law contract actions do not constitute core proceedings anyway, as appellees claim, because under *In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir.1986), state law contract claims which satisfy only the "catch-all" factors in 28 U.S.C. § 157(b)(2)(A) and (O) (matters concerning the administration of the estate and other proceedings affecting the liquidation of the bankrupt estate's assets, respectively), rather than some of the additional factors in 28 U.S.C. § 157(b)(2)(B) through (N), are non-core proceedings; (3) any arguments made by appellees in the record below and not in their brief should be disregarded; and (4) the bankruptcy court's determination that this action could not be timely adjudicated in state court was incorrect, since under the applicable *de novo* standard of review, the evidence presented to that court indicated that the case was *capable* of being tried in a timely manner in state court (although there was no guarantee).

## V.

### ANALYSIS

 The Court finds that the bankruptcy court erred when it found that the abstention provisions in 28 U.S.C. § 1334(c) do not apply to removed actions. *See In re American Mariner*, 734 F.2d at 429 (questions of law on appeal from bankruptcy court are reviewed under the *de novo* standard of review). The use of the word "commenced" in section 1334(c)(2) does not require that a state court action be pending at the time abstention by the bankruptcy court is sought; rather, it indicates that a similar state action must have been commenced at some point in time before the court considers abstention. *See Chiodo*, 88 B.R. 780. *See also, Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d at 584 n. 1 ("[t]he abstention provisions of 28 U.S.C. § 1334(c)(2) apply even though a case has been removed pursuant to 28 U.S.C. § 1452"). The application of mandatory abstention principles in this context does not emasculate the removal power; it merely illustrates the inherent limits of that power. Moreover, once the bankruptcy court abstains, the removed action will not remain "in limbo," but should be remanded to the state court for further proceedings. *See Chiodo*, 88 B.R. at 785 (abstention and remand "go hand-in-hand"). Accordingly, the abstention provisions under 28 U.S.C. § 1334(c) apply to this removed action.

 Moreover, the Court finds that mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) by the bankruptcy court is required in this case, because pursuant to *In re Castlerock Properties*, 781 F.2d at 162, these state law contract claims do not constitute "core" proceedings in bankruptcy, and there is no evidence that the action cannot be timely adjudicated in the state court. *See In re World Solar*, 81 B.R. at 606 (factors to be considered when determining whether mandatory abstention is appropriate). *See also, Cook v. Griffin*, 102 B.R. at 876 (section 1334(c)(2) calls for a presumption that an action can be timely adjudicated in state court). Accordingly, the Court reverses the bankruptcy court's denial of appellants' motion for mandatory abstention and remand and remands the case for further proceedings in accordance with this Court's ruling.

In light of its determination that mandatory abstention should be applied here, the Court does not reach the issues of the propriety of the bankruptcy court's denial of appellants' motion for discretionary abstention and remand or the propriety of the bankruptcy court's determination that equitable remand pursuant to 28 U.S.C. § 1452(b) should not be invoked.

## VI.

### CONCLUSION

Accordingly, the Court reverses and remands to the bankruptcy court for further proceedings in accordance with this opinion.

IT IS SO ORDERED.